In the Matter of WHIPPANY PAPER BOARD CO., INC., a corporation of the State of New Jersey, Debtor.

WHIPPANY PAPER BOARD CO., INC., Debtor-in-Possession, Plaintiff,

v.

VICTORY CONTAINER CORPORATION, Defendant.

Adv. No. 80–0194.

United States Bankruptcy Court, D. New Jersey.

April 3, 1981.

Lehman & Wasserman, Millburn, N. J., for debtor-in-possession; Steven Z. Jurista, Millburn, N. J., of counsel.

Kleinberg, Moroney, Masterson & Schachter, Millburn, N. J., for Creditors Committee; Hannah G. Goldman, Millburn, N. J., of counsel.

Benenson & Scher by Elliott Scher, Millburn, N. J., for Victory Container Corp.

## OPINION

VINCENT J. COMMISA, Bankruptcy Judge.

This matter is before the Court on the motion of the defendant Victory Container Corp. (Victory) to dismiss the instant adversary proceeding for lack of *in personam* jurisdiction over the defendant.

On February 8, 1980 Whippany Paper Board Co. (Whippany) filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. Thereafter on May 2, 1980 Whippany commenced the instant adversary proceeding by filing a complaint in this Court against Victory, alleging that

314

$260,425.79 is due and owing it as a result of accounts stated and accepted between Whippany and Victory.

Victory moves to dismiss this adversary proceeding, contending that the Court lacks *in personam* jurisdiction over it. In its affidavits in support of this motion to dismiss, Victory avers that it is a New York corporation which is neither qualified to do business in New Jersey, nor is subject to qualification. It affirms that it maintains no offices or sales personnel in this state.

The defendant asserts that this Court lacks *in personam* jurisdiction over it by reason of due process limitations on the jurisdiction of this Court. More particularly, Victory maintains that due process requires that the *in personam* jurisdiction of this Court be predicated upon the existence of minimum contacts between the defendant and the State of New Jersey.

The jurisdiction of the Bankruptcy Court is conferred by 28 U.S.C. Sec. 1471. It confers on the district courts original, but not exclusive, jurisdiction of all civil proceedings arising under title 11 [1] or arising in or related to cases under title 11. It then provides that, "(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts."

■ The legislative history makes clear that 28 U.S.C. Sec. 1471 was intended as a comprehensive grant of *in rem* and *in personam* jurisdiction to the bankruptcy courts over all controversies arising out of any bankruptcy or rehabilitation case. *In re G. Weeks Securities, Inc.,* 5 B.R. 220, 224 (B.Ct. D.Tenn.1980), 1 *Collier on Bankruptcy,* para. 1.03, pp. 1–21 (15th ed. 1980)

The idea of possession and consent as basis for jurisdiction is eliminated. The adjunct bankruptcy courts will exercise *in personam* jurisdiction as well as *in rem* jurisdiction in order that they may handle everything that arises in a bankruptcy case. S.Rep.No.989, 95th Cong. 1st Sess.

153–54 (1978), U.S.Code Cong. & Admin. News 1978, p. 5939. See 1 *Collier on Bankruptcy* (15th ed. 1980), para. 3.01, pp. 3–33, 3–34. *In re G. Weeks Securities, supra.*

Similarly, the House Reports state:

Subsection (b) is a significant change from current law. It grants the bankruptcy courts original (trial), but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising under or related to cases under title 11. This is the broadest grant of jurisdiction to dispose of proceedings that arise in bankruptcy cases or under the bankruptcy code. Actions that formerly had to be tried in State court or in Federal district court, at great cost and delay to the estate, may now be tried in the bankruptcy courts. The idea of possession or consent as the sole basis for jurisdiction is eliminated. The bankruptcy court is given *in personam* jurisdiction as well as *in rem* jurisdiction to handle everything that arises in a bankruptcy case. H.R.Rep.No. 595, 95th Cong. 1st Sess. 445–46 (1977), U.S.Code Cong. & Admin.News, 1978, pp. 5787, 6400. See 1 *Collier on Bankruptcy* (15th ed. 1980), para. 3.01, pp. 3–34, 35; *In re G. Weeks Securities, supra.*

■ Thus, it is clear that Congress intended to give the Bankruptcy Court the jurisdiction, both *in personam* and *in rem*, in order that the Court may handle everything that may arise in a bankruptcy case, subject, of course, to Constitutional limitations on that authority. The Court notes that Bankruptcy Rule 704(f) authorizes the service of all process, except a subpoena, anywhere in the United States.

As stated above, the defendant contends that due process requires that the *in personam* jurisdiction of this Court is limited by the minimum contacts doctrine enunciated in *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and its progeny, most recently *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

1. Title 11, or 11 U.S.C. Sec. 101, *et seq.,* is Pub.L. 95–598, otherwise known as the Bankruptcy Code or the Bankruptcy Reform Act of 1978.

The defendant misperceives the scope and purpose of the "minimum contacts" doctrine of *International Shoe, supra.* In *Mariash v. Morrill*, 496 F.2d 1138 (2d Cir. 1974), the defendants raised the minimum contacts doctrine as a prerequisite to the *in personam* jurisdiction of the District Court in an action alleging violations of the Securities Exchange Act of 1934. The Second Circuit rejected this contention, stating:

"Appellees respond, however, by arguing that notice and an opportunity to be heard is not sufficient, for "it is still necessary that defendants have the requisite 'minimal contacts' with *the State* which would exercise its jurisdiction over them. *Hansen [sic] v. Denckla*, 357 U.S. 235 [78 S.Ct. 1228, 2 L.Ed.2d 1283] (1958)." Brief of Appellees at 15 (emphasis added). Mere statement of this contention reveals its fatal flaw: It is not the State of New York, but the United States "which would exercise its jurisdiction over them [the defendants]."[7] And plainly where, as here, the defendants reside within the territorial boundaries of the United States, the "minimal contacts," required to justify the federal government's exercise of power over them, are present. Indeed, the "minimal contacts" principle does not, in our view, seem particularly relevant in evaluating the constitutionality of in personam jurisdiction based on nationwide, but *not* extraterritorial, service of process. It is only the latter, quite simply, which even raises a question of the forum's power to assert control over the defendant.

[7] Certainly, this is true where, as here, federal jurisdiction is conferred by federal statute and not by the parties' diverse citizenship. We express no view on the relevant source of jurisdictional power—state or federal—where the latter is the case. *But compare American Law Institute supra* at 191–95 *with National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 329–333, 84 S.Ct. 411 [421–423] 11 L.Ed.2d 354 (1964) (Black, J. dissenting).

(*Id.* at 1143, footnotes omitted, emphasis in original).

In *Gemini Enterprises, Inc. v. WFMY Television Corp.*, 470 F.Supp. 559 (D.N.C. 1979), the court stated:

NAB has moved to dismiss for lack of personal jurisdiction on the grounds that neither the applicable North Carolina statutory law nor the due process clause of the United States Constitution permits the exercise of jurisdiction by this Court. At the outset, the Court notes that the "minimal contacts" doctrine of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) on which NAB relies, is not directly applicable to a federal question case brought in a federal district court when the defendant has been personally served within the United States. The *International Shoe* decision involved the *extraterritorial* assertion of personal jurisdiction by a *state* court. Where defendants reside within the territorial boundaries of the United States, the minimal contacts are present that are required to justify a federal court's exercise of power over them. *Mariash v. Morrill*, 496 F.2d 1138 (2d Cir. 1974); *Leasco Data Processing Equipment Corp. v. Maxwell*, 468 F.2d 1326 (2d Cir. 1972). The only situation in a federal suit that is directly analogous to the *International Shoe* case occurs where a federal court attempts to assert personal jurisdiction over a defendant not found within the territory of the United States. (*Id.* at 563; emphasis in original.)

Thus, the "minimum contacts" doctrine of *International Shoe* and its progeny, which examines the contacts of the defendant with the forum *state*, has no particular relevance where, as here, jurisdiction is conferred by a federal statute, and not the diversity of citizenship of the parties, and Congress has provided for nationwide service of process. See *Driver v. Helms*, 577 F.2d 147 (1st Cir. 1978), *rev'd on other grounds, Stafford v. Briggs*, 444 U.S. 527, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980); *Fitzsimmons v. Barton*, 589 F.2d 330 (7th Cir. 1979); *Greene v. Emersons, Ltd.*, 86 F.R.D. 47, 65 (S.D.N.Y.1980); *Nelson v. Quimby Island Reclamation Dist. Facilities Corp.*, 491 F.Supp. 1364 (N.D.Cal.1980); *Manishin*, 80 Col.L.R. 1341, Federalism, Due Process and Minimum Contacts (1980).

In *In re Cole Associates, Inc.,* 7 B.R. 154, 2 C.B.C.3d 582, 588 (B.Ct.Utah, 1980), the court said, "The nationwide service and jurisdiction of this Court render evidence concerning minimal contacts relevant only in an equitable context." See also, *G. Weeks Securities, Inc., supra.*

▮ The case of *W. A. Kraft Corp. v. Terrace on the Park, Inc.,* 337 F.Supp. 206 (D.N.J.1972) is inapposite. Therein, the *in personam* jurisdiction of the District Court in a diversity case under the New Jersey "long arm" rule, R.4:4–4(c)(1), was examined in light of the minimum contacts doctrine which, as demonstrated above, has no applicability herein as a constitutional limit on the *in personam* jurisdiction of this Court. The minimum contacts analysis was employed because the *in personam* jurisdiction of the Federal District Court was, pursuant to F.R.Civ.P. 4(e), (f) limited by the jurisdictional constricts imposed on State courts in the use of long-arm statutes. In the instant matter, the Court is proceeding under federal question jurisdiction and is possessed of nationwide service of process. Thus, the constraints imposed by F.R.Civ.P. 4(e), (f) in *Kraft, supra,* are of no import herein.

*In re Standard Gas & Electric Co.,* 119 F.2d 658 (3rd Cir. 1941), is also not on point. Therein, the trustee brought suit in the District Court of Delaware alleging nineteen causes of action against fifty-six defendants. Fifty-three of those defendants were not Delaware residents and were served with process outside the territorial limits of Delaware. As to the service of these defendants, the Court stated:

> It will thus be seen that while a reorganization court may issue all necessary process in support of its summary jurisdiction over the debtor's property, it may not without other statutory authority than is afforded by section 77B direct such process to be served upon defendants outside its own district when the suit is a plenary one brought under its diversity of citizenship jurisdiction by adverse claimants for the recovery of an unliquidated claim. (at 664)

It is obvious that the bankruptcy court therein was proceeding under diversity jurisdiction in a plenary suit. The instant matter is before the Court not as a result of diversity jurisdiction but pursuant to 28 U.S.C. Sec. 1471, which confers on the Bankruptcy Court jurisdiction of all civil proceedings arising in or related to cases under title 11. Thus, the jurisdiction of this Court is not as a result of the diversity of citizenship of the parties, but by virtue of the federal law, bankruptcy, under which the case arises, or is related to same. Moreover, the intention of this Code was to eliminate the summary-plenary distinction which engendered much litigation under the Bankruptcy Act.

▮ Accordingly, this Court finds that it has *in personam* jurisdiction over the defendant and therefore, denies the motion to dismiss plaintiff's complaint for lack of same.

▮ The defendant also asserts that should this Court have *in personam* jurisdiction over the defendant, that defendant's contacts with the State of New Jersey are insufficient to create venue in this state. 28 U.S.C. Sec. 1473 pertinently provides:

(a) Except as provided in subsections (b) and (d) of this section, a proceeding arising in or related to a case under title 11 may be commenced in the bankruptcy court in which such case is pending.

(b) Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $1,000 or a consumer debt of less than $5,000 only in the bankruptcy court for the district in which the defendant resides.

Subsection (d) is not of relevance herein, it is addressed to cases arising after the commencement of the bankruptcy case.

Thus, 28 U.S.C. Sec. 1473(a) clearly provides that venue is proper in this Court, the Court in which the case is pending. Subsec-

tion (b) is inapplicable in the instant matter, as the recovery sought herein is substantially in excess of the pecuniary limits therein. The purpose of subsection (b) is to,

> [P]revent unfairness to distant debtors of the estate, when the cost of defending would be greater than the cost of paying the debt owed. H.Rep.No.595, 95th Cong. 1st Sess. 446 (1977), U.S.Code Cong. & Admin.News 1978, p. 6402.

In drafting the venue statute, Congress obviously considered the cost and practicalities of requiring a defendant to defend in the forum in which the case is pending. Congress elected to exempt from the general applicability of 28 U.S.C. Sec. 1473(a) those defendants with an amount in litigation substantially less than the sum controverted herein.

In *In re Cole Associates, supra,* the Bankruptcy Court listed the following factors as relevant to the venue question:

> [T]he relative ease of access to the sources of proof; the availability of compulsory process for the attendance of unwilling witnesses and the cost of obtaining the attendance of willing witnesses; the enforceability of a judgment if obtained; the applicability of a particular state law and the local interest in applying that law through courts within the state; the responsibilities and difficulties of court administration; the relative advantages and obstacles to fair trial; and other practical matters which encourage the efficient and inexpensive trial of the case; the proximity of creditors of every kind to the court; the proximity of the debtor to the court; the proximity of the witnesses necessary to the administration of the estate; the location of the assets; the economic administration of the estate and the necessity for ancillary administration if bankruptcy should result. (7 B.R. at 156–57).

It emphasized that,

> "If one factor could be singled out as having the most logical importance, it would be whether a transfer would promote the efficient and economic administration of an estate." *In re United But-*

ton Co., 137 F. 668: *In re Triton Chemical Corp.,* 46 F.Supp. 326, 329. (at 157).

■ The burden of proof lies with the party requesting the change of venue, and that burden must be carried by a preponderance of the evidence. *In re Cole Associates, Inc., supra,* at 157.

At the outset of its consideration of these factors, the Court observes that the defendant apparently has its offices in New York City. Further, an action has been commenced by the plaintiff herein in the New York courts. That action was removed to the Bankruptcy Court for the Southern District of New York, which the defendant, presumably, prefers as the venue for this matter. The Court observes that the distance and inconveniences involved are not nearly so great as, for example, those of the defendants in *In re Cole Associates, Inc., supra,* wherein the debtor filed its petition in Utah, and commenced an action in the Bankruptcy Court for that district against defendants located in Wisconsin, Minnesota and New York.

■ Applying the factors set forth hereinabove, the Court finds that the movant has not carried the requisite burden in its application for a change of venue. The factor having the most logical importance, whether a transfer would promote the efficient and economic administration of the estate, weighs in favor of retaining venue. The bankruptcy case is pending in this Court, the plaintiff in the instant adversary proceeding is litigating similar claims in this Court, the debtor's principal offices are closer to Newark than the Southern District of New York and finally, the debtor has chosen to litigate this matter in this Court. The defendant herein has not addressed itself to each of the relevant criteria, however, in light of a consideration of the most important factor, and those factors which are material by virtue of the unique nature of a bankruptcy proceeding, e. g., the proximity of the debtor to the Court, the location of the assets and the proximity of the witnesses necessary to the administration of the estate, the Court finds that the defend-

ant has not carried its burden and that the venue of this adversary proceeding should not be transferred.

The defendant asserts that great weight should attach to the fact that the debtor herein has instituted suit against it in New York, such suit being removed to the Bankruptcy Court for the Southern District of New York. That factor cannot be dispositive when, as here, the plaintiff-debtor has adversary proceedings pending in this Court, the bankruptcy case is pending herein, the offices and assets of the debtor are in closer proximity to this Court and, finally, the burden of proof by a preponderance of the evidence is on the party requesting a change of venue.

For all of the above reasons, this Court denies the defendant's motion for a change of venue.

Submit an order in accordance with the above Opinion.