In the Matter of BAKER'S EQUIP-
MENT/WINKLER, INC., Debtor.

BAKER'S EQUIPMENT/WINKLER,
INC., Plaintiff,

v.

Leonard GALASSO, d/b/a Galasso Italian
Bakery and Delicatessen, Defendant.

Bankruptcy No. 82–06451.
Adv. No. 83–0520–TS.

United States Bankruptcy Court,
D. New Jersey.

Sept. 22, 1983.

Wolff & Samson by William S. Katchen
and Dennis M. Toft, Roseland, N.J., for
plaintiff.

Riker, Danzig, Scherer & Hyland by
Shawn L. Kelly, Morristown, N.J., for de-
fendant.

OPINION

AMEL STARK, Bankruptcy Judge.

The defendant in this adversary action
contends that the emergency rule by which
the district court automatically refers bank-
ruptcy cases to this court is invalid, and
therefore moves to dismiss on grounds that
this court lacks subject matter jurisdiction
and personal jurisdiction and is an improper
venue. The motion is denied.

*Facts and Procedural History*

1. Defendant Leonard Galasso is a one-
third shareholder of Cajoleben, Inc., a cor-
poration organized under the laws of the
state of California and doing business as
Galasso's Bakery.

2. Cajoleben has its principal place of
business in Garden Grove, California.

3. In June, 1981, the defendant and/or
Cajoleben, Inc. negotiated to purchase a
rollmaking machine from the debtor, Bak-
er's Equipment/Winkler, Inc. ("Debtor").

4. Negotiations were conducted in Cali-
fornia, and the contract was signed in Cali-
fornia on June 25, 1981.

5. The only contact which the defendant
had with the state of New Jersey during
this transaction was when he spent six
hours in the state to inspect the machine
prior to purchase.

6. The defendant has paid approximate-
ly $75,000 of the $238,500 purchase price,
and claims that the machine has not per-
formed according to specifications.

7. On October 7, 1982, Debtor filed a
petition under Chapter 11 of the United
States Bankruptcy Code in the District of
New Jersey.

8. On April 13, 1983, Debtor filed an adversary complaint against the defendant in this court, seeking the balance of the purchase price plus interest.

9. The defendant moved to dismiss the complaint on July 21, 1983.

*Background*

The Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, 92 Stat. 2549 (1978), instituted changes in bankruptcy procedure designed to speed the administration of bankruptcy cases and thereby improve the chances of a successful recovery from the debtor's financial difficulties. A major reform was to bring into a single bankruptcy court almost all litigation involving the debtor, including cases which formerly could have been adjudicated only in federal district courts or state courts. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 49, U.S. Code Cong. & Adm.News 1978, p. 5787 (1977). This extensive grant of jurisdiction to the bankruptcy courts was held unconstitutional by a divided court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

The District Court for the District of New Jersey responded to *Marathon* by issuing Local Rule 47, referring all bankruptcy matters from the district court to the bankruptcy court. D.N.J.R. 47 (issued October 1, 1983). The underlying assumption of Rule 47 is that the district courts themselves retain jurisdiction over bankruptcy matters following *Marathon, supra.* The rule seeks to grant to bankruptcy courts a constitutionally permissible amount of power. The bankruptcy courts may not enter final judgments in cases not grounded in title 11 of the United States Code, such as this case, or whenever constitutionally forbidden. 47(C)(3). The district court must review their proposed judgments, 47(C)(5)(A)(iii), may hold a hearing de novo,[1] and, according to the rule, "need give no deference to the findings of the bankruptcy judge," 47(C)(5)(B).

On April 25, 1983, the Supreme Court issued new bankruptcy rules which became effective, in the absence of Congressional action, on August 1, 1983. H.R.Doc. No. 98–52, 98th Cong., 1st Sess. (1983). The Third Circuit subsequently held that the bankruptcy court's findings of fact may be set aside only if clearly erroneous, contrary to the emergency rule, because new national Bankruptcy Rule 8013 prescribes the clearly-erroneous standard and the local rule must fall to the extent that it is in conflict with the national rules. *Frank v. Arnold (In re Morrissey),* 717 F.2d 100 (3d Cir.1983). This decision did not address the constitutionality of the clearly-erroneous standard.

*Discussion*

I.

The defendant contends that Rule 47 is invalid and that, therefore, this court lacks subject matter jurisdiction. He challenges the rule on three grounds, claiming that (a) the jurisdictional grant to bankruptcy courts in Rule 47 suffers from the same constitutional infirmities as the Bankruptcy Reform Act, (b) the district courts themselves lost subject matter jurisdiction as a result of the *Marathon* holding, *supra,* and therefore have no bankruptcy jurisdiction to delegate, and (c) even if the district courts have jurisdiction, they lack rule-making authority to convey it to the bankruptcy courts in its entirety. I am forced to deny the motion because Local Rule 47 was declared valid by the United States District Court for the District of New Jersey in *Official Creditors Committee v. Quick Check Foodstores, Inc. (In re United Grocers Corp.),* 30 B.R. 46 (D.C.D.N.J.1983) and, implicitly, by the United States Court of Appeals for the Third Circuit in *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.,* 709 F.2d 190 (3d Cir.1983). Although these decisions did not answer every argument posed by the defendant, I must conclude that the two cited opinions implicitly reject-

---

1. The rule does not entitle the parties to a new hearing; it simply permits the district court to hold a new hearing.

ed those arguments not addressed explicitly.

In *Coastal Steel, supra,* the Third Circuit held that it had jurisdiction to hear an appeal from a district court's review of a bankruptcy court's order. Because the statute does not give courts of appeals jurisdiction to hear appeals from an order of the bankruptcy court, the court interpreted the action taken below as an order of the district court. The court therefore found it necessary to consider whether district courts retained jurisdiction under 28 U.S.C. § 1471(b) despite *Marathon, supra,* and concluded that they did. In addition, the court stated that "Local Rule 47(C)(3) which provides for the continued exercise of section 1471(b) jurisdiction by the district courts is consistent with the Bankruptcy Code and the *Northern Pipeline* decision," 709 F.2d at 200, and remanded to the district court to enter an order pursuant to Rule 47(C)(3), *id.* at 204.

In *United Grocers, supra* the district court confronted directly a challenge to the local rule. The court quoted *Coastal Steel* for the holding that 28 U.S.C. § 1471(b) survived *Marathon, supra,* and conferred jurisdiction on the district courts. It further found that the district court derived the rule-making power to delegate that jurisdiction to the bankruptcy courts from its "constitutional authority to best administer the business properly before [it] in the absence of any contradictory legislation," 30 B.R. at 49.

The defendant's only challenge to subject matter jurisdiction not addressed by these decisions is that the local rule suffers from the same constitutional infirmities discovered in *Marathon, supra. See White Motor Corp. v. Citibank,* 704 F.2d 254, 263–64 (6th Cir.1983). As stated above, I must conclude that the United States District Court for the District of New Jersey implicitly rejected this argument in *United Grocers, supra.*

II.

■ The defendant also contends that this court may not exercise personal jurisdiction over him without finding at least minimum contacts between the defendant and the state of New Jersey. *See* Fed.R. Civ.P. 4(e). The constitutional requirement of due process clearly does not require this, because it is the United States and not the state of New Jersey which here exercises its jurisdiction over the defendant. *Whippany Paper Board Co. v. Victory Container Corp. (In re Whippany Paper Board Co.),* 4 C.B. C.2d 370, 15 B.R. 312, 315 (Bkrtcy.D.N.J. 1981). Under the provisions of the Bankruptcy Rules, the bankruptcy courts are authorized to exercise this power over defendants to its full extent; Bankruptcy Rule 7004(d) permits nationwide service of process. Bankr.R. 7004(d) (issued April 25, 1983; effective August 1, 1983). The defendant apparently contends that these rules do not apply, however, because *Marathon, supra,* voided all of § 241(a) of the Bankruptcy Reform Act, 28 U.S.C. §§ 1471–82, and a federal court may therefore base jurisdiction in this case only on diversity of citizenship, 28 U.S.C. § 1331. But *Coastal Steel, supra,* held that *Marathon, supra,* did not void all of § 241(a). The Bankruptcy Rules do apply to this action and to all actions in this court, *In re Morrissey, supra,* and they authorize this court to exercise personal jurisdiction over the defendant.

III.

■ Finally, venue is proper in this court under 28 U.S.C. § 1473(a): "a proceeding arising in or related to a case under title 11 may be commenced in the bankruptcy court in which such case is pending." The validity of this provision is open to question because it is undisputed that *Marathon, supra,* voided "the grant of authority to Bankruptcy Courts under § 241(a) [28 U.S.C. §§ 1471–82]," 102 S.Ct. at 2882 (concurring opinion). Again, however, I must conclude that in finding Rule 47 valid in *United Grocers, supra,* the district court considered the problems of venue raised by the rule and concluded either that the "grant of authority to Bankruptcy Courts" held void in *Marathon, supra,* did not include venue, or that the words "bankruptcy court" in § 1473(a) include the district court, or that

in the interest of justice cases such as this should not be dismissed for improper venue.

*Conclusion*

The defendant's motion to dismiss is denied.[2] An order shall be submitted consistent with this opinion.

---

**2.** Pursuant to General Rule 47(B)(2) of the United States District Court for the District of New Jersey:

> The reference to a bankruptcy judge may be withdrawn by the district court on its own motion or on timely motion by a party. A motion for withdrawal of reference shall not stay any bankruptcy matter pending before a bankruptcy judge unless a specific stay is issued by the district court. The district

court may retain the entire matter, may refer part of the matter back to the bankruptcy judge, or may refer the entire matter back to the bankruptcy judge with instructions specifying the powers and functions that the bankruptcy judge may exercise. Any matter in which the reference is withdrawn shall be reassigned to a district judge in accordance with the court's usual system for assigning civil cases.