PECK DANIEL AUTO SALES, INC., a Tennessee Corporation, Plaintiff,

v.

COAHOMA BANK, a Branch of Grenada Bank, a Mississippi Banking Institution, Defendant/Third-Party Plaintiff,

v.

The FIRST CITIZENS BANK OF CLEVELAND, a Tennessee Banking Corporation, Dale Elkins, Individually, and Dale Elkins Used Cars, Inc., Third-Party Defendant.

No. DC85–126–NB–O.

United States District Court,
N.D. Mississippi,
Delta Division.

Feb. 21, 1986.

James H. Bostick, Memphis, Tenn., for plaintiff.

Ronald L. Taylor, Southaven, Miss., and M. Lee Graves, Clarksdale, Miss., for defendant.

MEMORANDUM OPINION

BIGGERS, District Judge.

The present cause comes before the court on the motion of the third party defendant, First Citizens Bank of Cleveland, Tennessee, to dismiss the third party complaint for lack of in personam jurisdiction. Having considered the memoranda, pleadings and affidavits filed by the parties hereto, the court finds that the motion is not well taken and should be denied.

The defendant and third-party plaintiff, Coahoma Bank, a Mississippi bank, filed the third party complaint against First Citizens Bank of Cleveland, Tennessee (First Citizens), Dale Elkins and Dale Elkins Used Cars, Inc., alleging that they were guilty of negligence and fraud in the handling and processing of several bank checks drawn on an account at First Citizens maintained by Dale Elkins Used Cars, Inc. First Citizens now moves to dismiss the third-party complaint for lack of in personam jurisdiction and asserts as a basis therefor that it does not have sufficient contacts with the State of Mississippi to justify the assertion of personal jurisdiction pursuant to Miss. Code Ann. § 13–3–57 (commonly known as the "long-arm statute"). Specifically, First Citizens contends that it is a Tennessee corporation not qualified to do business in Mississippi and does not otherwise do business in Mississippi. In addition, First Citizens asserts that it has not entered into a contract with a resident of this state which is to be performed in whole or in part by any party within Mississippi.

■ While the party invoking the jurisdiction of a federal court bears the burden of establishing personal jurisdiction over a non-resident defendant, see Southwest Offset, Inc. v. Hudco Publishing Co., 622 F.2d 149, 152 (5th Cir.1980), the court must accept the allegations of the complaint as true when examining the question of jurisdiction on a motion to dismiss. See Brown v. Flowers Industries, Inc., 688 F.2d 328, 332 (5th Cir.1982); Black v. Acme Markets, Inc., 564 F.2d 681, 683 n. 3 (5th Cir.1977). The burden is met at this stage of the proceedings upon the presentation of a prima facie case. DeMelo v. Toche Marine, Inc., 711 F.2d 1260, 1270–71 (5th Cir. 1983).

■ Upon review of all the pertinent materials presented in the record, the court concludes that Coahoma Bank has made out a prima facie case. First, while the Coahoma Bank did not specify the grounds for the court's personal jurisdiction over First Citizens in the third-party complaint, it is clear that First Citizens is amenable to service under the tort provision of section 13–3–57 since it is alleged that First Citizens is guilty of negligence and fraud both as to Coahoma Bank and the plaintiff Peck Daniel Auto Sales, Inc. Assuming the allegations of the third party complaint to be true, it is readily apparent that First Citizens, by its actions surrounding the handling and dishonor of the three checks deposited at Coahoma Bank by its customer Peck Daniel, negligently and intentionally caused injury in Mississippi. The fact that First Citizens did not conduct business in this state and did not enter into a contract to be performed in whole or in part in this state is of no consequence.

■ The second element of a prima facie case consists of the constitutional standard by which the assertion of long-arm jurisdiction is tested, that is, that a non-resident defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice" or that it performs some act by which it "purposefully avails itself of the privileges of conducting activities within the forum state," thus invoking the benefits and protections of its laws. See Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958); International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The above standards, derived from the due process clause of the fourteenth amendment, insure that a non-resident defendant "has a fair warning that a particu-

lar activity may subject them to the jurisdiction of a foreign sovereign." *Shaffer v. Heitner,* 433 U.S. 186, 218, 97 S.Ct. 2569, 2587, 53 L.Ed.2d 683 (1977) (Stevens, J., concurring). *See also Burger King Corp. v. Rudzewicz,* —— U.S. ——, ——, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528, 540 (1985).

Applying the above standards to the facts in the present case, the court finds that the allegations pertaining to the fraud count set forth in the third-party complaint satisfy the requirements of the due process clause. Accepting as true for purposes of this motion the allegation that First Citizens was engaged in a scheme with its customer Dale Elkins Used Cars, Inc. to selectively pay or dishonor checks written on the Dale Elkins account, First Citizens necessarily would have known that such actions would have injurious consequences in this state. First Citizens knew with what checks it was dealing and that the particular checks were presented for payment by a Mississippi depository bank. *See, e.g., Jack O'Donnell Chevrolet, Inc. v. Shankles,* 276 F.Supp. 998, 1002–03 (N.D. Ill.1967). It may thus be stated that First Citizens, by virtue of its fraudulent conduct, "purposefully established" minimum contacts within the State of Mississippi and, therefore, it is presumptively not unreasonable to submit First Citizens to the jurisdiction of this court. *See Burger King Corp. v. Rudzewicz,* —— U.S. ——, ——, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528, 543 (1985). Although First Citizens may defeat this presumption by presenting a compelling case that the assertion of personal jurisdiction does not comport with traditional notions of fair play and substantial justice, *Rudzewicz,* —— U.S. at ——, 105 S.Ct. at 2185, 85 L.Ed.2d at 544; *WorldWide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980), a compelling case has not yet been presented. Given the foregoing, third party defendant's motion to dismiss should be denied.

Let an order issue accordingly.