Gary BEAULIEU, Plaintiff,

v.

ELECTRONIC BUSINESS SYSTEMS
and Computone Systems, Inc.,
Defendant.

Civil No. 85–0235 P.

United States District Court,
D. Maine.

April 18, 1986.

702

Stephen C. Whiting, Hewes Douglas Whiting & Quinn, Portland, Me., for plaintiff.

Kevin F. Gordon, Jeffrey M. White, Pierce Atwood Scribner, Allen Smith & Lancaster, Christine A. Murphy, Black & Hopkinson, Ralph A. Dyer, Portland, Me., for defendant.

## ORDER

GENE CARTER, District Judge.

Presently before the Court is Defendant Computone Systems' ("Computone") Motion for Dismissal pursuant to Rule 12(b)(2), based upon its assertion that the Court's exercise of personal jurisdiction over Computone is prohibited by the Due Process clause of the Maine Constitution and the United States Constitution. The Court finds that exercise of personal jurisdiction is proper and, therefore, the Motion to Dismiss is DENIED.

At the outset, the Court notes that subject matter-jurisdiction in this case is based on 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Counts VI, VII, XIV, XVIII and XXVII of the Complaint and Amended Complaint state claims under federal antitrust laws, 15 U.S.C. § 1 et seq., and Count XXIX states a claim under the federal Magnuson-Moss Act, 15 U.S.C. § 2301 et seq. Jurisdiction over the remaining state law claims is based upon principles of pendent jurisdiction.

The principal cases relied upon by Computone in support of its Motion to Dismiss are diversity actions, in which a federal court looks to state law to determine the proper scope of personal jurisdiction. See, e.g., Jones v. North American Aerodynamics, Inc., 594 F.Supp. 657 (D.Me.1984). Since "the limits of personal jurisdiction under Maine law are coextensive with federal due process requirements" id. at 657, the "minimum contacts" standard set forth in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and refined in its considerable progeny is the appropriate test for determining the limit of personal jurisdiction in diversity cases. As pointed out in Wass v. American Safety Equipment Corp., 573 F.Supp. 39 (D.Me.1983), the primary purposes of the "minimum contacts" requirement are "the protection of defendants from 'the burdens of litigating in a distant or inconvenient forum ... [and] ensur[ing] that States, through their courts, do not reach out beyond the limits imposed on them by their states as coequal sovereigns in a federal system.'" Id. at 42 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980)). This second purpose implies that the analysis for the proper exercise of personal jurisdiction would be different in federal question cases than in diversity cases. Indeed, "as part of a national system of courts a federal district court considering a case that arises under federal

law is not subject to precisely the same due process limitations which restrict its reach in diversity cases." *Handley v. Indiana & Michigan Elec. Co.,* 732 F.2d 1265 (6th Cir.1984).

█ As a practical matter, personal jurisdiction of the federal courts in federal cases is determined by the scope of service of process. *Terry v. Raymond Intern., Inc.,* 658 F.2d 398, 402 (5th Cir.1981). There is disagreement among the courts and commentators over precisely what the limitations on personal jurisdiction are in a federal question case where the federal statute creating a substantive right contains no process provisions. *See e.g., Handley v. Indiana & Michigan Elec. Co., supra; Terry v. Raymond Intern., Inc., supra.* However, it is well-settled that Congress may provide for nationwide service of process, and it has done so in the federal antitrust laws. 658 F.2d at 402. Thus, in this case the Court looks to the relevant section of the federal antitrust statute to determine what parties are properly before it.

█ Section 22 of Title 15 provides:

Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.

15 U.S.C. § 22 (1973). The Congressional intent in enacting this section was to enable a person allegedly injured by violations of the antitrust laws to seek redress in his home district. *Athletes Foot of Delaware v. Ralph Libonati,* 445 F.Supp. 35, 43 (D.Del.1977). Thus, the term "transacts business" should be accorded a liberal interpretation and a corporation will be found to transact business in a district "if in fact, in the ordinary and usual sense, it 'transacts business' therein of any substantial character." *Id.* at 43, citing *Eastman Kodak Co. of New York v. Southern Photo Materials Co.,* 273 U.S. 359, 373, 47 S.Ct.

400, 403, 71 L.Ed. 684 (1927). Substantiality of business operations is to be determined from the viewpoint of the average businessman. 445 F.Supp. at 43.

█ In the present case, Computone had sales in Maine of $435,833.84 for 1984 and $322,749.08 for 1985. See Kimball affidavit, March 10, 1986 at 1. Although these sales were not made directly to the ultimate users, they were made through two Maine businesses which are authorized dealers for Computone in Maine. Computone does not make direct retail sales; rather all sales of Computone products nationwide are through Computone's authorized dealers. See Kimball affidavit at 1–2. Such sales are sufficient to establish that Computone, in the ordinary and usual sense, 'transacts business' in Maine. Thus, pursuant to 15 U.S.C. § 22, this Court has jurisdiction over Computone.

Accordingly, the Motion to Dismiss for lack of personal jurisdiction is DENIED.

SO ORDERED.