**B.J. CRAWFORD, Plaintiff,**

v.

**GLENNS, INCORPORATED, Deryle Glenn, Des Moines Cold Storage Co., Inc. and Edward C. Muelhaupt, Jr., Defendants.**

**No. WC85–255–NB–D.**

United States District Court,
N.D. Mississippi, W.D.

June 9, 1986.

E. Clifton Hodge, Jr., Jackson, Miss., for plaintiff.

Robert A. Gamble, David L. Charles, Des Moines, Iowa, Dan Webb, Tupelo, Miss., and Floyd A. Healy, Little Rock, Ark., for defendants.

## MEMORANDUM OPINION

BIGGERS, District Judge.

The present cause comes before the court on the motion of defendants Des Moines Cold Storage, Inc. (DMCS) and Edward C. Muelhaupt (Muelhaupt) to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue. Having considered the memoranda, pleadings and affidavits filed by the parties hereto, the court is now in a position to rule on the motion.

The plaintiff, B.J. Crawford, brought the present action against the defendants DMCS, Glenns, Inc., Deryle Glenn and Muelhaupt, pursuant to 15 U.S.C. § 77a, *et seq.*, 15 U.S.C. § 78a, *et seq.*, and § 75–71–101, *et seq.*, of the Mississippi Code Annotated alleging fraud and misrepresentation in the sale of a security. The complaint alleges that Deryle Glenn, as the agent for Glenns, Inc. and acting in concert with DMCS and Muelhaupt, solicited an investment in a futures contract from the plaintiff at his place of business in Water Valley, Mississippi through the use of interstate telephone facilities. The plaintiff further alleges that he mailed four separate checks totaling $100,000.00 to DMCS in Des Moines, Iowa in reliance on the representations made by Glenns, Inc.—representations the plaintiff now asserts were false and misleading. The commodities purchased pursuant to the futures contract were stored with DMCS in Des Moines, Iowa. The plaintiff also contends that the commodities were used as collateral for a loan made to Glenns, Inc. by DMCS and that Glenns, Inc. later defaulted on the loan causing DMCS to foreclose on the collateral. Crawford then brought the present action under federal and state securities laws and asserted that this court had personal jurisdiction over DMCS, an Iowa corporation not qualified to do business in Mississippi with its principal place of business in Des Moines, Iowa, and Muelhaupt, an Iowa resident, through the nationwide service of process provisions of 15 U.S.C. §§ 77v(a) and 78 aa.

DMCS and Muelhaupt have now moved to dismiss for lack of personal jurisdiction or, in the alternative, for transfer of venue. The court will first consider the merits of the motion to dismiss for lack of jurisdiction.

■ In reviewing defendants' motion, the court is mindful that plaintiff has the burden of establishing this court's personal jurisdiction over the defendants. *Peck Daniel Auto Sales, Inc. v. Coahoma Bank*, 629 F.Supp. 411, 412 (N.D.Miss. 1986). When examining the question of jurisdiction on a motion to dismiss, the court must accept the allegations of the complaint as true and must resolve all conflicts in the facts as alleged by the parties in favor of the plaintiff. *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1271 (5th Cir. 1983). Plaintiff's burden at this stage is met upon the presentation of a prima facie case. *Id.*

■ Where federal law provides for nationwide service of process, the plaintiff's prima facie case consists of showing that (1) service of process was made in accordance with the statute and (2) the assertion of jurisdiction does not impinge upon defendants' fifth amendment due process rights. *See FTC v. Jim Walters Corp.*, 651 F.2d 251, 256 (5th Cir.1981). The defendants do not question the propriety of service of process and therefore the court will restrict its inquiry to the issue of whether the assertion of jurisdiction comports with the due process clause of the fifth amendment. As determined by the

*Jim Walters* court, the fifth amendment requires that the defendant have minimum contacts with the United States—the sovereign that has created the court [1] and that maintenance of the suit not offend traditional notions of fair play and substantial justice. *Jim Walters*, 651 F.2d at 256. The defendants herein argue, however, that *Insurance Corp. of Ireland, Ltd. v. Compagnie Des Bauxites de Guinee*, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) undermined the *Jim Walters* due process formulation by rejecting the independent emphasis placed on the requirement that the defendant have "minimum contacts with the sovereign that has created the court." It is argued that *Insurance Corp. of Ireland* instead requires that emphasis be placed on the question of whether maintenance of the suit would offend traditional notions of fair play and substantial justice. *See Burstein v. State Bar of California*, 693 F.2d 511 (5th Cir. 1982); *but see Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162 (5th Cir.1985).

The defendants accordingly submit that Mississippi is an inconvenient forum (as suggested by assessing defendants' contacts with Mississippi) and that notions of fair play dictate that the defendants not be subjected to suit in inconvenient locales.

The defendants paint with too broad a brush in characterizing the *Insurance Corp. of Ireland* decision as having "swept away" the sovereignty-based decisions. As recent Supreme Court decisions have made clear, although the question of whether a given sovereign may assert personal jurisdiction over an individual may be seen as ultimately a question of whether maintenance of the suit would offend traditional notions of fair play and substantial justice, "the constitutional touchstone remains whether the defendant purposefully established minimum contacts in the forum." *Burger King Corp. v. Rudzewicz*, —— U.S. ——, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528, 542 (1985). *See also Keeton v. Hustler Magazine*, 465 U.S. 770, 104 S.Ct. 1473, 79

---

**1.** Noting that the doctrine of personal jurisdiction defines "the limits on the exercise of the sovereign function," the *Jim Walters* court determined that due process under the fifth amendment requires minimum contacts with the sovereign that created the court, *i.e.*, the United States, in cases where a federal court's jurisdiction is co-extensive with the boundaries of the United States. 651 F.2d at 256. *See Stafford v. Briggs*, 444 U.S. 527, 554, 100 S.Ct. 774, 789, 63 L.Ed.2d 1 (1980) (Stewart, J., dissenting); *Johnson Creative Arts v. Wool Masters*, 743 F.2d 947, 950 (1st Cir.1984); *Clement v. Pehar*, 575 F.Supp. 436, 438–39 (N.D.Ga.1983).

**2.** The defendants' argument also ignores the dual role "sovereignty" has played regarding the doctrine of personal jurisdiction. In *Insurance Corp. of Ireland*, the Court was confronted with the notion, presented in *Worldwide Volkswagen*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), that sovereignty, in the guise of the forum's interest in the litigation and the concerns of federalism, acted as an independent limitation on the power of the forum to assert jurisdiction over nonresident defendants distinct from the limitations imposed by the due process clause. Because the issue before the Court centered on whether a nonresident defendant could waive or be estopped from raising the personal jurisdiction issue, the Court recognized that to the extent reliance is placed on considerations independent and distinct from due process, the "waivability" of personal jurisdiction as a per-

sonal right would be undermined. Thus, without entirely rejecting the relevance of federalism and the forum's interest in the litigation, the court made clear that those elements "must be seen as ultimately a function of the individual liberty interest preserved by the Due Process Clause." *Insurance Corp. of Ireland*, 456 U.S. at 702 n. 10, 102 S.Ct. at 2104 n. 10. Although no longer independent of due process, sovereignty as a limitation continues to play an important role in the determination of whether a particular forum may assert jurisdiction. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775–76, 104 S.Ct. 1473, 1478–79, 79 L.Ed.2d 790 (1984).

In the recent decision of *Amusement Equipment, Inc. v. Mordelt*, 779 F.2d 264 (5th Cir. 1985), the fifth circuit explained the proposition that sovereignty also serves as the basis of jurisdiction:

While the due process clause necessarily restricts the states' sovereign power, no case has yet held that it eliminates that power altogether. That the requirement of personal jurisdiction rests in all cases on the due process clause does not weaken the proposition that the exercise of jurisdiction, as distinguished from its limitation, is a sovereign act. If there is anything that characterizes sovereignty, it is the state's dominion over its territory and those within it.

*Id.* at 270.

It is therefore clear that *Insurance Corp. of Ireland* did not eliminate the relevance or signif-

L.Ed.2d 790.[2] Once minimum contacts have been established, a presumption is raised that jurisdiction is reasonable. The defendant may, however, rebut the presumption in favor of jurisdiction by presenting "a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King v. Rudzewicz,* — U.S. at —, 105 S.Ct. at 2185, 85 L.Ed.2d at 544. *See also Peck Daniel Auto Sales,* 629 F.Supp. at 413. It should thus be understood that the requirement that the defendant have "minimum contacts with the sovereign that has created the court" is alive and well and continues to play a central role in the personal jurisdiction calculus. Since in the instant case the United States is the relevant sovereign, *see FTC v. Jim Walters Corp.,* the court will determine whether the defendants have contacts with the United States sufficient to support this court's exercise of personal jurisdiction over them.

■ Because it is apparent that both defendants are residents of, and are thus deemed to be present in, the United States, the defendants, *a fortiori,* have the requisite minimum contacts. *Cf. Amusement Equipment, Inc. v. Mordelt,* 779 F.2d 264, 269–70 (5th Cir.1985). Although the defendants have attempted to rebut the presumption in favor of jurisdiction raised by the finding of minimum contacts by pointing to the inconvenience resulting to the defendants if the suit were allowed to remain in this court, the inconvenience as alleged does not rise to a constitutional level. The court therefore finds that the defendants' motion to dismiss for lack of personal jurisdiction is not well taken and should be denied.

■ The defendants have also moved under 28 U.S.C. § 1404(a) to transfer this action to the Southern District of Iowa, for the convenience of the parties and witnesses, and in the interest of justice. The defendants argue that this case should be transferred because they both reside in Iowa and that Iowa is the locus of the activities giving rise to the present claim.

In addition, the defendants contend that a majority of the witnesses are located in and around Des Moines, Iowa and that there is a separate but related action now pending in Iowa involving DMCS, Deryle Glenn, and Glenns, Inc.

Because section 1404(a) provides for transfer "to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient," *Van Dusen v. Barrack,* 376 U.S. 612, 645–46, 84 S.Ct. 805, 824, 11 L.Ed.2d 945 (1964), the defendants must clearly and convincingly demonstrate that transfer is proper under section 1404(a).

With regard to the convenience of party and non-party witnesses, the defendants must specifically relate the identity of the witnesses and the nature and relative importance of their testimony. *Sommerville v. Major Exploration, Inc.,* 576 F.Supp. 902, 907 (S.D.N.Y.1983); *Southern Investors II v. Commuter Aircraft Corp.,* 520 F.Supp. 212, 216 (M.D.La.1981). In the instant case, the defendants have provided the court with allegations that are nothing more than conclusory and, therefore, they fall short of the *Sommerville* requirements.

The defendants also assert that they are already involved in litigation in Iowa which involves the same parties and the same facts as the present case and therefore it would be in the interest of judicial economy and fairness to the defendants to allow transfer to Iowa. It is apparent from the memoranda and affidavits provided by the defendants that DMCS has initiated a lawsuit against Glenns, Inc. as a consequence of Glenns, Inc.'s default on three promissory notes in order to recover amounts remaining unpaid. The defendants, however, have failed to establish a substantial identity of claims between the two actions and thus the court finds that the interests of judicial economy do not weigh in favor of transfer.

Finally it should be noted that the defendants Deryle Glenn, an Arkansas resi-

icance of sovereignty as it relates to the doctrine of personal jurisdiction.

dent, and Glenns, Inc., an Arkansas corporation, oppose the motion to transfer venue. Based on the foregoing, the court finds that the defendants DMCS and Muelhaupt have failed to clearly show that the convenience of the parties and witnesses and the interest of justice require transfer of this action to the Southern District of Iowa. The defendants motion for transfer of venue is therefore not well taken and should be denied.

Let an order issue accordingly.