**In re PROSPECT HILL RESOURCES, INC. d/b/a Bass & Company, Debtor.**

**PROSPECT HILL RESOURCES, INC., Plaintiff,**

v.

**Mark CHENOWETH and William Dawdy d/b/a F.J. Andrews Lumber Company, Defendants.**

Bankruptcy No. 85–00743A.
Adv. No. 86–0507A.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Dec. 24, 1986.

Karen Fagin White, Zusmann, Small & White, Atlanta, Ga., for plaintiff.

Benton J. Mathis, Jr., Smith, Currie & Hancock, Atlanta, Ga., for defendants.

## ORDER

STACEY W. COTTON, Bankruptcy Judge.

Before the Court is defendants' motion to dismiss for lack of jurisdiction filed July 14, 1986. This motion is filed pursuant to Fed.R.Civ.P. 7(b)(1) and 12(b)(2), applicable herein by Bankruptcy Rules 7007 and 7012. In their motion defendants allege that this Court lacks personal jurisdiction over them in the above-styled adversary proceeding. Plaintiff filed its response on August 11, 1986. The Court makes findings and conclusions as follows:

Debtor is before this Court in a pending Chapter 11 case and filed a complaint against defendants which initiated this adversary proceeding. Defendants reside in Jacksonville, Illinois and were served by mail pursuant to Bankruptcy Rule 7004(b)(1). That Rule also provides in subpart (d), that "[t]he summons and complaint and all other process may ... be served anywhere in the United States."

Defendant challenges plaintiff's reliance on nationwide service of process as provided in Rule 7004(d), on grounds of due process as set forth in the Fifth Amendment to the United States Constitution.[1] Courts have generally held that based upon congressional authorization of nationwide service of process, any federal court could exercise personal jurisdiction over a party defendant subject to the due process requirement that the defendant have minimum contacts with the United States. *See Federal Trade Comm'n v. Jim Walter Corp.,* 651 F.2d 251, 255–57 (5th Cir.1981) (Unit A); *Crawford v. Glenns, Inc.,* 637 F.Supp. 107 (N.D.Miss.1986); *Baker's Equip./Winkler, Inc. v. Galasso (In re Baker's Equip./Winkler, Inc.),* 33 B.R. 307 (Bankr.D.N.J.1983); *Nixon Mach. Co. v. Roy Energy, Inc. (In re Nixon Mach. Co.),* 15 B.R. 131, 135 (Bankr.E.D.Tenn.1981). Defendants argue, however, that the Unit-

---

1. "No person shall ... be deprived of life, liberty, or property, without due process of law...." U.S. Const. amend. V.

ed States Supreme Court rejected state sovereignty as the basis for the minimum contacts test of the Due Process Clause of the Fourteenth Amendment. *See Insurance Corp. of Ireland, Ltd. v. Compagnie Des Bauxites de Guinee*, 456 U.S. 694, 702–03 n. 10, 102 S.Ct. 2099, 2104, n. 10, 72 L.Ed.2d 492 (1982). Defendants thus contend that personal jurisdiction exists for the protection of the liberty interest of the individual. In that decision the respondent had asserted federal diversity jurisdiction on the basis of petitioner's waiver of jurisdictional facts pursuant to Fed.R.Civ.P. 37(b)(2)(A).

Defendants maintain that in construing a non-resident defendant's liberty interest in applying nationwide service of process, a federal court must examine such non-sovereignty factors as the following: the party's contacts with the forum; the attendant burden on that party in litigating in the forum; and the reasonable expectation of litigation in that forum. They cite the decision of *GRM v. Equine Inv. and Management Group*, 596 F.Supp. 307 (S.D.Tex. 1984), as standing for the proposition that the due process standards of the Fourteenth Amendment, that personal jurisdiction comport with "traditional notions of fair play and substantial justice", require that "contacts" with the state in which the federal Court sits are very relevant, even in a situation in which nationwide service is authorized. 596 F.Supp. at 312–15 (applying 15 U.S.C. Section 78aa of the 1934 Securities Exchange Act); *see also August v. HBA Life Ins. Co. (In re August)*, 17 B.R. 628 (Bankr.E.D.Va.1982). Thus, they argue that the liberty interest concerns as stated in *Insurance Corp. of Ireland, supra*, should be extended to the Fifth Amendment context where nationwide service is expressly authorized by Congress.[2]

Contrary to defendants' reasoning, the bankruptcy court in this district has previously held that a defendant's "lack of con-

tacts [with the forum state] is not determinative" and reference to the forum state's long arm statute is inappropriate when jurisdiction is based on a federal statute. *Chemical Bank v. S and R Carpetland, Inc. (In re WWG Indus.)*, 8 C.B.C.2d 589, 590–92 (Bankr.N.D.Ga.1983); *see also Chemical Bank v. Grigsby's World of Carpet, Inc. (In re WWG Indus.)*, 44 B.R. 287 (N.D.Ga.1984); *Whitlock v. Worrall (In re American Aluminum Window Corp.)*, 15 B.R. 803, 809 (Bankr.D.Mass. 1981). The instant adversary proceeding arises under the laws of the United States and is a federal question case with jurisdiction based on a federal statute, as distinguished from a federal diversity case. Courts have further determined that:

> Accordingly, in federal question litigation where Congress has provided for nationwide service of process, there is no due process requirement of 'minimal contacts' to justify the exercise of jurisdiction by the federal courts.

*Taylor v. Bear Stearns & Co.*, 572 F.Supp. 667, 679–80 (N.D.Ga.1983), *quoting* 2 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 4.25[5] (2d ed. 1981); *see also Clement v. Pehar*, 575 F.Supp. 436, 438–39 (N.D. Ga.1983) (construing 15 U.S.C. Sections 77v(a), 78aa and 18 U.S.C. Section 1965(d)). In addition, it is well settled that Congress may provide for nationwide service of process. *See Terry v. Raymond Int'l, Inc.*, 658 F.2d 398, 402 (5th Cir.1981) (Unit A), *cert. denied*, 456 U.S. 928, 102 S.Ct. 1975, 72 L.Ed.2d 443 (1982); *Beaulieu v. Electronic Business Systems*, 632 F.Supp. 701 (D.Me.1986).

Based upon the above reasoning and authority, this Court expressly declines to give *Insurance Corp. of Ireland, supra*, the expansive reading requested by defendants with respect to personal jurisdiction/due process doctrine in the area of nationwide service of process under the

---

**2.** Contrary to defendants' arguments, it is not altogether clear that the Supreme Court completely rejected the relevance of federalism concerns as an element of personal jurisdiction doctrine in *Insurance Corp. of Ireland*. *See*

*Crawford*, 637 F.Supp. at 109 n. 2; *First Fed. Sav. & Loan Ass'n of Pittsburgh v. Oppenheim, Appel, Dixon & Co.*, 634 F.Supp. 1341 (S.D.N.Y. 1986).

Bankruptcy Code. The Court further concludes that personal jurisdiction over the defendants in the above-styled adversary proceeding is proper. Accordingly, defendants' motion to dismiss is DENIED.

IT IS SO ORDERED.