## MONARCH NORMANDY SQUARE PARTNERS, Plaintiff,

v.

## NORMANDY SQUARE ASSOCIATES LIMITED PARTNERSHIP, et al., Defendants.

NORMANDY SQUARE ASSOCIATES LIMITED PARTNERSHIP, et al., Plaintiffs and Counterclaim Defendants,

v.

## MONARCH NORMANDY SQUARE PARTNERS, et al., Defendants and Counterclaim Plaintiffs.

Civ. A. Nos. 88–1338–MLB, 88–1513–MLB.

United States District Court, D. Kansas.

March 16, 1993.

---

See also 817 F.Supp. 899, 817 F.Supp. 908, 817 F.Supp. 919.

James A. Walker, Triplett, Woolf & Garretson, Wichita, KS, T. Barry Kingham, Curtis, Mallet–Prevost, Colt & Mosle, New York, NY, Warren Dennis, Proskauer, Rose, Hoetz & Mendelsohn, Washington, DC, Marc Marmaro, Jeffery, Mangels & Butler, Los Angeles, CA, for plaintiffs.

Terry L. Malone, Martin, Pringle, Oliver, Wallace & Swartz, Wichita, KS, for Monarch Normandy Square Partners, Al Fenstermacher, Richard Hoagland, Richard Rayl, BRMD, Janyce Hoagland, Monarch Properties Inc., Monarch Real Estate Co., Inc. and Monarch Securities Inc. and Steven C. Kiser.

J. Michael Kennalley, Hershberger, Patterson, Jones & Roth, Wichita, KS, for Helsley, Mulcahy & Fesler.

Philip L. Bowman, Adams, Jones, Robinson & Malone, Wichita, KS, for William C. Grieger.

Steven C. Kiser, pro se.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This case comes before the court on defendants' Monarch Real Estate Company, Inc. (MRE) and Monarch Securities, Inc.'s (MSI) motions to dismiss for lack of personal jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(2). (Doc. 310)

These consolidated actions arise from the sale of an apartment complex in Wichita, Kansas, in October, 1985. Monarch Normandy Square Partnership (MNSP) sold the apartment complex to Richard Gleicher, who transferred the apartments to Normandy Square Associates Limited Partnership (NSALP).[1] As part of the consideration for the sale, NSALP executed a promissory note in favor of MNSP.

NSALP, Anchor, Pottinger and Gleicher filed suit in federal court in California against MNSP and others, including moving defendants MSI and MRE, on April 20, 1988, claiming their failure to perform their contract was caused by incomplete and inaccurate information they received when they decided to purchase the apartment complex. They alleged, *inter alia*, claims of fraud, negligent misrepresentation, civil conspiracy, and RICO violations against the defendants. MNSP in turn filed suit in Kansas to enforce the terms of the promissory note. The actions have been consolidated for purposes of discovery. (Doc. 202)

---

1. NSALP's general partner is Anchor Properties, a New York limited partnership, of which Gleicher and Pottinger are the general partners.

▮ The plaintiffs bear the burden of establishing personal jurisdiction over the defendants. *Johnson v. Goodyear S.A. Colmar Berg,* 716 F.Supp. 531, 532 (D.Kan. 1989). For purposes of deciding a 12(b)(2) motion, the court resolves all factual disputes in favor of the plaintiffs. *Id.*

▮ Moving defendants MSI and MRE contend they are not subject to the personal jurisdiction of this court under either the Kansas long-arm statute, K.S.A. 60–308(b), or the Due Process Clause of the Fourteenth Amendment. The plaintiffs, on the other hand, contend the assertion of personal jurisdiction over these defendants is proper under the nationwide service of process requirements of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.* The plaintiffs specifically rely on § 1965(d), which states:

> All other process in any action or proceeding under this chapter may be served on any person in any judicial district in which such person resides, is found, has an agent, or transacts his affairs.

The above section has been construed as a nationwide service of process provision. *Dooley v. United Technologies Corp.,* 786 F.Supp. 65, 70 (D.D.C.1992) (Citations omitted); *U.S. v. International Broth. of Teamsters,* 776 F.Supp. 144, 150 (S.D.N.Y.1991); *Omni Video Games, Inc. v. Wing Co., Ltd.,* 754 F.Supp. 261, 263 (D.R.I.1991). Service of process is how a court obtains personal jurisdiction over a defendant. *Lisak v. Mercantile Bancorp, Inc.,* 834 F.2d 668, 671 (7th Cir.1987), *cert. denied* 485 U.S. 1007, 108 S.Ct. 1472, 99 L.Ed.2d 700 (1988). The majority of courts have held that there is no requirement of minimum contacts with the

state in which the federal court sits when a federal statute provides for nationwide service of process. *Go–Video, Inc. v. Akai Electric Co., Ltd.,* 885 F.2d 1406, 1415 (9th Cir. 1989); *Lisak,* 834 F.2d at 671; *Haile v. Henderson National Bank,* 657 F.2d 816, 824–26 (6th Cir.1981), *cert. denied,* 455 U.S. 949, 102 S.Ct. 1450, 71 L.Ed.2d 663 (1982); *FTC v. Jim Walter Corp.,* 651 F.2d 251, 256 (5th Cir.1981); *Dooley,* 786 F.Supp. at 71; *Herbstein v. Bruetman,* 768 F.Supp. 79, 81 (S.D.N.Y.1991); *University Sav. Ass'n. v. Bank of New Haven,* 765 F.Supp. 35, 37 (D.Conn.1991); *American Trade Partners v. A–1 Intern. Importing,* 757 F.Supp. 545, 556 (E.D.Pa.1991); *Anchor Glass Container Corp. v. Stand Energy Corp.,* 711 F.Supp. 325, 330–31, n. 10 (S.D.Miss.1989); *US Telecom, Inc. v. Hubert,* 678 F.Supp. 1500, 1508 (D.Kan.1987) (O'Connor, J.); *Contra Wichita Federal Savings and Loan Ass'n v. Landmark Group, Inc.,* 674 F.Supp. 321, 325 (D.Kan.1987) (Kelly, J.) (court holds that the defendant must have "minimum contacts" in the forum district itself rather than with the United States to allow the exercise of personal jurisdiction).

The court has reviewed the many decisions that have addressed this issue and holds that a nationwide service of process provision obviates the need to show minimum contacts with the forum state. The plaintiffs need only make a showing that the defendants have sufficient minimum contacts with the United States. An analysis of the Kansas long-arm statute is unnecessary. The plaintiffs have alleged both defendants are California corporations. This allegation is sufficient to satisfy the requirements of due process. *F.T.C. v. Jim Walter Corp.,* 651 F.2d at 256.[2]

**2.** In their response (Doc. 324), plaintiffs state that "any substantive claims made by plaintiffs against Monarch Properties, Inc. has (sic) been made in the name of the Monarch Group. For example, plaintiffs refer to their contention in the Pretrial Conference Order wherein they make several allegations of inappropriate action taken by the 'Monarch Group'. In making such allegations, it was the intention of plaintiffs to include [moving defendant] MRE and MSI, and further, it was the understanding of plaintiffs that there was no confusion as to such references". (Doc. 324) Moving defendants MRE and MSI deny this, stating that they have "consistently objected

and continue to object to the arbitrary grouping of separate entities under the name 'Monarch Group'". (Doc. 338)

The Court finds it unnecessary to deal with this dispute, but *only* in connection with its decision on this motion, which is confined to the narrow issue of personal jurisdiction under RICO. By finding it has personal jurisdiction over MRE and MSI, (two members of the so-called "Monarch Group") the court does not infer that MRE and/or MSI are part of any "group" or that plaintiffs' claims against MRE and/or MSI have merit or that they could withstand a dispositive motion.

The defendants' motion (Doc. 310) to dismiss for lack of personal jurisdiction is denied.

IT IS SO ORDERED.