HEADWEAR, U.S.A., INC., Plaintiff,

v.

John STANGE and Stange Apparel & Marketing Company, Defendants.

Civil A. No. 95–2438–GTV.

United States District Court, D. Kansas.

March 22, 1996.

R.Civ.P. 12(b)(2). Plaintiff has responded and opposes the motion. For the reasons set forth below, the motion to dismiss based on lack of personal jurisdiction is denied.

## I. Introduction

On August 23, 1995, Headwear, U.S.A., Inc. ("Headwear") filed a petition in the District Court of Johnson County, Kansas against John Stange and Stange Apparel & Marketing Company ("Stange Apparel"). Plaintiff's claims arise out of defendants' failure to pay for merchandise ordered from plaintiff. Plaintiff asserts claims for violation of the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961 *et seq.*, and for recovery on an "account stated." [1] Defendants filed a petition for removal and an accompanying motion to dismiss for lack of personal jurisdiction over the defendants. Plaintiff contends that the Johnson County District Court has jurisdiction and seeks remand to state court.

Plaintiff Headwear is a Missouri corporation authorized to do business within the state of Kansas. Defendant Stange Apparel is an Illinois corporation authorized to do business in Wisconsin. Defendant John Stange is a resident of Wisconsin and president of Stange Apparel. In addition, John Stange is a former employee, major stockholder, and a member of the board of directors of plaintiff Headwear.

## II. Standard on a Motion to Dismiss under Rule 12(b)(2)

The standard that governs a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is well-established:

The plaintiff bears the burden of establishing personal jurisdiction over the defendant. Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing. The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the par-

David S. Rauzi, Law Office of David S. Rauzi, Overland Park, KS and Chester B. Kaplan, Kansas City, MO, for plaintiff.

John M. Duggan and Deron A. Anliker, Duggan, Shadwick & Doerr, P.C., Kansas City, MO, for defendants.

## MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This case is before the court on defendants' motion to dismiss (Doc. 4) based on lack of personal jurisdiction pursuant to Fed.

---

1. An "account stated" is an agreement between parties who have had previous transactions which fixes the amount due on such transactions and creates an express or implied promise by the debtor to pay the balance. *Continental Amer. Corp v. Pacific Balloon Co., Inc.,* 8 Kan.App.2d 438, 660 P.2d 84, 86 (1983).

ties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient not withstanding the contrary presentation by the moving party. *Behagen v. Amateur Basketball Ass'n,* 744 F.2d 731, 733 (10th Cir.1984), *cert. denied,* 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985) (citations omitted); *see also Williams v. Bowman Livestock Equip. Co.,* 927 F.2d 1128, 1130–31 (10th Cir.1991); *Rambo v. American Southern Ins. Co.,* 839 F.2d 1415, 1417 (10th Cir.1988); *Key Indus. Inc. v. O'Doski, Sellers & Clark, Inc.,* 872 F.Supp. 858, 860 (D.Kan.1994).

### III. Discussion

In the petition for removal, defendants contend that removal is appropriate because the court has diversity of citizenship jurisdiction under 28 U.S.C. § 1332. In its complaint, plaintiff seeks damages in excess of $50,000, and it appears that the parties are citizens of different states.

In their motion to dismiss, defendants contend that they are not subject to the court's jurisdiction under either the Kansas long-arm statute, K.S.A. § 60–308(b) or under the Fourteenth Amendment Due Process Clause of the United States Constitution. In contravention of defendants' right to removal under 28 U.S.C. § 1441, plaintiff argues that because the Johnson County District Court has jurisdiction and plaintiff is master of its claim, the court should remand the case to state court.

Neither party has addressed the issue of whether the court has federal question jurisdiction. United States District Courts have original jurisdiction over actions arising under the laws of the United States. 28 U.S.C. § 1331. Under 28 U.S.C. § 1441, removal is proper if the federal district court has federal question jurisdiction under § 1331 or diversity jurisdiction under § 1332.

Plaintiff's complaint alleges a claim for violation of the civil RICO provisions, 18 U.S.C. § 1961 *et seq.* Thus, the court has federal question jurisdiction over this claim. The state law claim for recovery on an account stated is subject to the court's supplemental jurisdiction under 28 U.S.C. § 1367 because it arises from a common nucleus of operative facts.

The court must look to Fed.R.Civ.P. 4 to determine if service of process was proper and the court has personal jurisdiction over defendants. Rule 4(k)(1) provides that "[s]ervice of a summons or filing a waiver of service is effective to establish jurisdiction over the person of the defendant ... (D) when authorized by a statute of the United States."

The RICO act contains a specific provision for service of process. Title 18 U.S.C. § 1965(d) states in pertinent part that

[a]ll other process in any action or proceeding under this chapter may be served on any person in any judicial district in which such person resides, is found, has an agent, or transacts his affairs.

The courts have construed this section as a nationwide service of process provision. See *Monarch Normandy Square Partners v. Normandy Square Assoc. Ltd. Partnership,* 817 F.Supp. 896, 898 (D.Kan.1993) and cases cited therein.

"The majority of courts have held that there is no requirement of minimum contacts with the state in which the federal court sits when a federal statute provides for nationwide service of process." *Id.; see also Kiely v. The Shores Group, Inc.,* 1993 WL 405807 (D.Kan. Sept. 29, 1993) (discussing nationwide service of process under ERISA). An analysis of the Kansas long arm statute and minimum contacts with the state of Kansas is unnecessary in this context. *Monarch Normandy,* 817 F.Supp. at 898. The only requirement for personal jurisdiction is that plaintiff must show that defendants have sufficient minimum contacts with the United States. *Id.* Plaintiff has alleged that defendant Stange Apparel is an Illinois corporation authorized to do business in Wisconsin and that defendant John Stange is a resident of Wisconsin. These allegations are sufficient to satisfy the requirements of due process.

The court concludes that it has personal jurisdiction over defendants on plaintiff's claim brought under RICO. Further, per-

sonal jurisdiction is appropriate on the supplemental state law claim once the court has acquired jurisdiction over the defendants pursuant to the federal statute. *See* 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1125, at 325 (1987). Finally, plaintiff's request for remand to state court is denied.

IT IS, THEREFORE, BY THE COURT ORDERED that defendants' motion to dismiss (Doc. 4) based on lack of personal jurisdiction is denied.

IT IS SO ORDERED.