**John CANNON, Plaintiff,**

v.

**GARDNER–MARTIN ASPHALT CORPORATION RETIREMENT TRUST–PROFIT SHARING PLAN, et al., Defendants.**

**No. 87–1347–Civ–T–13(C).**

United States District Court,
M.D. Florida,
Tampa Division.

May 17, 1988.

Michael C. Addison, Tampa, Fla., for plaintiff.

Edward LaRose, William D. Mitchell, John W. Robinson, IV, Tampa, Fla., for defendants.

## ORDER

GEORGE C. CARR, District Judge.

Defendant Shore & Reich, P.C. has filed a motion to dismiss for lack of personal jurisdiction in this action arising under Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132, in which plaintiff seeks, in part, to recover benefits under certain profit-sharing and pension plans. Upon consideration, the motion is DENIED.

At the outset, the Court observes that where a defendant challenges the exercise of a court's personal jurisdiction over it, plaintiff bears the burden of proving that personal jurisdiction exists. *GRM v. Equine Investment and Management Group*, 596 F.Supp. 307, 312 n. 8 (S.D.Tex. 1984). Where a court resolves the issue of personal jurisdiction on a motion to dismiss, plaintiff satisfies its burden by presenting a prima facie case. *Id.*, *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1271 (5th Cir.1983). A court must accept as true the allegations of plaintiff's complaint and must resolve any conflicts in favor of establishing personal jurisdiction. *Id.*

■ Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e), provides for nationwide service of process. The former Fifth Circuit has held that where Congress has authorized nationwide service of process any federal court may exercise personal jurisdiction over a defendant so long as the defendant has minimum contacts with the United States. *Federal Trade Commission v. Jim Walter Corp.*, 651 F.2d 251 (5th Cir.1981) (Unit A); *see Crawford v. Glenns, Inc.*, 637 F.Supp. 107 (N.D.Miss. 1986). In *Jim Walter*, a Federal Trade Commission subpoena enforcement action, the defendant contended that the court could not assert personal jurisdiction over it since it had no contacts with the forum district. The Fifth Circuit, rejecting defendant's argument, held that fifth amendment due process required only that defendant have minimum contacts with "the sovereign that has created the court," that is to say, the United States. It reasoned that the minimum contacts requirement of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945):

arises out of the limitations inherent in concepts of sovereignty. In enacting and enforcing laws, each state exercises a sovereign function. This sovereignty may be exercised only over those who reside in the state and those who undertake activities within it. By determining when "a state may make binding a judgment in personam against an individual or corporate defendant," the doctrine establishes when a defendant may be fairly

thought to have submitted itself to that limited sovereignty.

Properly understood as defining the limits on the exercise of the sovereign function, the doctrine's application to federal jurisdiction is unambiguous. Subject *only* to the regulation of Congress, each federal court exercises the "judicial Power of the United States," not a judicial power constitutionally limited by the boundaries of a particular district.... Because the district court's jurisdiction is ... co-extensive with the boundaries of the United States, due process requires only that a defendant in a federal suit have minimum contacts with the United States, "the sovereign that has created the court."

*Id.* at 256 (citations omitted).

Defendant contends, however, that the national-contacts test of *Jim Walter* is no longer controlling in light of the decision by the United States Supreme Court in *Insurance Corp. of Ireland v. Compagnie Des Bauxites de Guinee,* 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982), a federal diversity case. In *Insurance Corp. of Ireland,* the Supreme Court, rejected state sovereignty as the basis of fourteenth amendment due process limitations on personal jurisdiction and stated that the test for personal jurisdiction requires that maintenance of the suit satisfy the standards set forth in *International Shoe, supra.* The Court stated:

The requirement that a court have personal jurisdiction flows ... from the Due Process Clause. The personal jurisdiction requirement recognizes and protects an individual liberty interest. It represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty. Thus, the test for personal jurisdiction requires that "the maintenance of the suit ... not offend 'traditional notions of fair play and substantial justice.' "

*Id.* 456 U.S. at 702–03, 102 S.Ct. at 2104 (citations omitted).

In light of *Insurance Corp. of Ireland,* some federal district courts have held that contacts with the state in which the federal court sits must be considered even in federal question cases in which nationwide service of process is authorized. *Wichita Federal Savings & Loan Association v. Landmark Group,* 657 F.Supp. 1182 (D.Kan.1987); *GRM, supra; Bamford v. Hobbs,* 569 F.Supp. 160 (S.D.Tex.1983). The Fifth Circuit has suggested that the rationale of its holding in *Jim Walter* might have been eroded by the decision in *Insurance Corp. of Ireland. Burnstein v. State Bar of California,* 693 F.2d 511, 515–16 n. 8 (5th Cir.1982). The Eleventh Circuit, citing neither *Jim Walter* nor *Insurance Corp. of Ireland,* has stated only that district courts fail to agree as to the extent that fifth amendment due process limits the exercise of a court's personal jurisdiction in federal question cases in which nationwide service of process is authorized. *In re Chase & Sanborn Corp.,* 835 F.2d 1341, 1344 n. 8 (11th Cir.1988) ("We note, without deciding the issue, that there is a lack of consensus among the courts as to whether a due process analysis is necessary where the defendant is a domestic corporation served via nationwide service of process.") However, other courts have continued to apply the national-contacts test. *Prospect Hill Resources, Inc. v. Chenoweth,* 69 B.R. 79 (N.D.Ga. 1986); *Taylor v. Bear Stearns & Co.,* 572 F.Supp. 667, 679–80 (N.D.Ga.1983), *Clement v. Pehar,* 575 F.Supp. 436, 438–39 (N.D. Ga.1983);[1] *Pioneer Properties, Inc. v. Martin,* 557 F.Supp. 1354, 1358 n. 6 (D.Kan.1983).

It appears to this Court that, the rationale of the Fifth Circuit's opinion in *Jim Walter* having been refuted by the Supreme Court, *Jim Walter* is of dubious precedential value. Those cases following the reasoning of *Insurance Corp. of Ireland* comport more with the philosophy of basic fairness behind the exercise of personal jurisdiction as set forth by the Supreme Court in *Insurance Corp of Ireland.* Accordingly, this Court finds it necessary to employ the following non-sovereignty factors applied by those courts in

---

**1.** Neither *Clement* nor *Taylor* cite to *Insurance*     *Corp. of Ireland.*

assessing personal jurisdiction under the Due Process Clause:

(1) the burden imposed upon defendant by litigation in the forum state; (2) defendant's reasonable expectations and the foreseeability of litigation in the forum state; (3) plaintiff's interest in convenient and effective relief; (4) the federal judicial system's interest in efficiently resolving controversies; and (5) the forum state's interest in having a court, within the forum, adjudicate the dispute.

*Wichita,* 657 F.Supp. at 1194; *GRM,* 596 F.Supp. at 315; *Bamford,* 569 F.Supp. at 166. Applying those factors, the Court finds that due process will not be offended by this Court's exercise of personal jurisdiction over defendant.

The final three factors clearly argue in favor of this Court's exercise of personal jurisdiction. Plaintiff has a legitimate interest in joining all parties to this action to recover profit-sharing and pension benefits in one suit, and Florida, where plaintiff and the defendant former employer reside, is a convenient and effective forum for plaintiff to get relief. Additionally, the Court's interest in judicial economy is served by resolving this dispute in one proceeding rather than in two separate cases. Finally, Florida has a legitimate interest in providing its residents a forum to redress any injuries caused by ERISA violations which reach in to Florida and affect them.

Defendant, a small New York law firm, contends that, given its size and the fact that it neither resides nor does business in Florida, it would be unduly burdensome to require it to litigate in Florida. However, "modern means of communication and transportation have lessened the burden of defending a lawsuit in a distant forum." *In re Chase & Sanborn,* 835 F.2d at 1346. Nor is there any evidence that defendant is financially or otherwise less able to litigate this case in Florida than the individual plaintiff is to litigate this suit in New York. Finally, defendant contends that, as its business is of primarily a local character and as it has not purposefully injected itself into Florida, it could not reasonably anticipate litigation in Florida. However, by its own admission, defendant, rendering legal services to plaintiff's former employer, prepared the ERISA plans for a Florida corporation.[2] This Court finds that defendant could have expected that its actions would affect a Florida resident and employee of that corporation.

Accordingly, defendant Shore & Reich's motion to dismiss[3] is DENIED.

DONE AND ORDERED.

---

**2.** Plaintiff alleges in his complaint that defendant Shore & Reich is both a plan administrator and fiduciary under ERISA. Although defendant disputes plaintiff's allegations, such argument would be better brought on a motion for summary judgment following the conduct of discovery in this case.

**3.** As the Court has considered defendant's supplemental memorandum, defendant's motion to file reply is GRANTED, and plaintiff's motion to strike is DENIED.