UNIVERSITY SAVINGS ASSOCIATION

v.

BANK OF NEW HAVEN, and a
Third Party Action.

UNIVERSITY SAVINGS ASSOCIATION

v.

CONNECTICUT SAVINGS BANK and a
Third–Party Action.

CONNECTICUT SAVINGS BANK

v.

LEWIS–ORESTIS & ASSOCIATES,
LTD., et al. and a Third
Party Action.

Daniel E. NICHERIE

v.

TRANSAMERICA LIFE INSURANCE
COMPANY, et al.

Civ. A. Nos. N–88–240 (WWE), N–88–241
(WWE), N–88–418 (WWE) and
N–90–595 (EBB).

United States District Court,
D. Connecticut.

April 22, 1991.

Kenneth Williams, Leny K. Wallen-Friedman, Timothy S. Fisher, Robinson & Cole, Hartford, Conn.

Jerry Metcalf, Robert S. MacIntyre, PHV Baker Brown Sharman and Parker, Houston, Tex.

Regina Giovannini, Baker Brown Sharman & Parker, Houston, Tex.

Gene Harter, Ellen H. Brown, Los Angeles, Cal.

Geoffrey L. Squitiero, Thomas Murtha, Jeffrey Lynch, Maher and Murtha, Bridgeport, Conn.

Elizabeth P. Gilson, Penny Q. Seaman, Wiggin & Dana, New Haven, Conn.

Maura Walsh O'Brien, Halloran Sage Phelon & Hagarty, Hartford, Conn.

Daniel Nicherie, pro se.

Emmanuel Nicherie, Tustin, Cal., Branford, Conn.

Jonathan Elliot, Thomas Mingoue, Jr., Neal Moskow, Kleban and Samor P.C., Southport, Conn.

John Kremer, Huntington Beach, Cal., for Nicherie.

Leonard S. Gordon, Lawrence Herrmann, Cheshire, Conn.

Richard G. Bell, Carter LaPrade, Tyler Cooper & Alcorn, New Haven, Conn.

Kristine Ragaglia, William S. Fish, Jr., Thomas Marrion, Tyler Cooper and Alcorn, Hartford, Conn.

Patricia Skelley, Kristine Ragaglia, William S. Fish, Tyler, Cooper & Alcorn, Hartford, Conn.

Todd Hunter, Hunter, Redford, Wray & Woolsey, Corpus Christi, Tex., for Lewis–Orestis.

Michael Gustafson, George D. Royster, Jr., Maura Walsh–O'Brien, Karen D. Oestreicher, Matther E. Karanian, Dennis P. O'Connor, Joseph Fortner, Harris Appelman, Halloran, Sage, Phelon & Hagarty, Hartford, Conn., Jeffrey A. Davis, Babcock & Scofield, Houston, Tex., for Guardian Life Ins. Co. of America.

John M. Kremer, Huntington Beach, Cal.

Mark E. Aronson, Anderson, McPharlin & Conners, Los Angeles, Cal., for defendants.

Robert B. Yules, Hartford, Conn.

Jonathan D. Elliot, Kleban & Samor, P.C., Southport, Conn.

## RULING ON THIRD PARTY DEFENDANT ORAH NICHERIE'S MOTION TO DISMISS

EGINTON, District Judge.

Third party plaintiff Guardian Life Insurance Company of America ("Guardian") filed a third party complaint against third party defendants Orah Nicherie, Emmanuel E. Nicherie, Daniel Nicherie, and Innovative Planning, Inc. on or about June 25, 1990. The complaint alleges causes of action for subrogation, breach of contract and fiduciary duty, Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, ("RICO"), and conversion. Orah Nicherie, a resident of California, is named as a defendant in all counts except

the breach of contract and fiduciary duty claim.

Orah Nicherie moved to dismiss the complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure alleging lack of personal jurisdiction. On September 17, 1990 this Court reserved ruling on defendant's motion to dismiss, pending the completion of discovery necessary to resolve jurisdictional issues. For the reasons set forth below the defendant's motion to dismiss will now be denied.

## DISCUSSION

■■■ When deciding a motion to dismiss under the Federal Rules of Civil Procedure, a court must accept all well pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). In the instant action the complaint includes a RICO claim, which requires that personal jurisdiction be determined under federal law, not state law. *Rolls–Royce Motors, Inc. v. Charles Schmitt & Co.*, 657 F.Supp. 1040, 1055 (S.D.N.Y.1987). RICO includes provisions that allow for "nationwide service of process." Therefore, a federal district court enjoys jurisdiction "coextensive with the boundaries of the United States, [and] due process requires only that a defendant in a federal suit have minimum contacts with the United States." *Soltex Polymer Corp. v. Fortex Industries, Inc.*, 590 F.Supp. 1453, 1458 (E.D.N.Y.1984) (citing 18 U.S.C. § 1965(d)). As a resident of California, Orah Nicherie is subject to personal jurisdiction under this standard.

■■■ Guardian's state law claims against Orah Nicherie are properly before this court pursuant to the doctrine of pendent jurisdiction. The claims all derive from a common nucleus of operative fact, and it is in the interest of judicial economy to hear all related claims and try the case at one time. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); *Rolls–Royce Motors, Inc. v. Charles Schmitt & Co.*, 657 F.Supp. 1040, 1056 (S.D.N.Y.1987).

## CONCLUSION

For the reasons set forth above, third party defendant Orah Nicherie's motion to dismiss is DENIED.

SO ORDERED.