**In re CHARTER OIL COMPANY,
Debtor.**

**CHARTER OIL COMPANY, Plaintiff,**

**v.**

**Otis COTTON and Katherine
Cotton, Defendants.**

**Bankruptcy No. 84–314–BK–J–GP.
Adv. No. 95–180.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Nov. 6, 1995.

Raymond R. Magley of Smith Hulsey & Busey, Jacksonville, Florida, for Plaintiff.

Jeffrey S. Thompson, Houston, Texas, for Defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding is before the Court upon defendants' motion to dismiss for lack of personal jurisdiction. The motion is filed pursuant to Federal Rule of Civil Procedure 12(b)(2). After considering the pleading, briefs and arguments made at the pretrial hearing held on September 13, 1995, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. On April 20, 1984, Charter Oil Company (Plaintiff) filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. This Court confirmed the plan of reorganization on December 18, 1986.

2. On April 7, 1995 Otis and Katherine Cotton (Defendants) instituted a civil action against plaintiff seeking to recover compensatory and punitive damages for negligence. The complaint was filed in the District Court, 333rd Judicial Circuit, Harris County, Texas, where the case is currently pending.

3. On June 2, 1995, plaintiff filed a complaint to determine the dischargeability of debt. That complaint contends that the defendants' claims against plaintiff were discharged pursuant to the Court's December 18, 1995 Confirmation Order.

4. The defendants are residents of Huntsville, Walker County, Texas. They have not been physically present in the State of Florida for over ten years. The defendants do not conduct any business activities in or with the State of Florida, nor do they have other contacts with the State of Florida.

5. On July 20, 1995, defendants moved to dismiss for want of personal jurisdiction contending that they have no minimum contacts with the State of Florida.

6. Plaintiff, however, asserts that this is federal question case and defendants have sufficient contacts with the United States for the bankruptcy court to exercise personal jurisdiction over the defendants.

### CONCLUSIONS OF LAW

■ Defendants contend that this Court cannot properly compel defendants to litigate this action before this Court because they have no contacts with the State of Florida. Defendants further argue that they must have "minimum contacts" with the forum state in which the court sits to meet the personal jurisdiction requirements. *See International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Plaintiff, however, argues that the "national contacts" analysis is applicable in this adversary proceeding because this a federal question case and the Bankruptcy Rules of Procedure provide for nationwide service of process. *See* 28 U.S.C. § 1334; Fed.R.Bankr.P. 7004(d).

■ The minimum contacts doctrine provides that a defendant must have sufficient contacts with the forum state or have some "presence" in the forum state, to comport with Due Process, and the notions of fair play and substantial justice. *Id.* at 316–17, 66 S.Ct. at 158–58. The defendants contend that this minimum contacts test applies to federal courts.[1] The national contacts

---

1. Defendants glean support from *GRM v. Equine Inv. and Man. Group*, 596 F.Supp. 307, 314 (D.C.Tex.1984). In *GRM*, the court considered the proper due process standard required to exercise personal jurisdiction over the defendant in a federal question case. *Id.* at 312–13. The court adopted the rationale of *Insurance Corp. of Ireland v. Compagnie des Bauxites*, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982), conclud-

ing that, in Fifth Amendment context, the proper standard is traditional notions of fair play and substantial justice with contacts. *Id.* at 314.

This Court finds that *GRM* is in minority of cases that adopted the *Ireland* rationale as applicable to a federal question case. *See infra* notes 6–8. Moreover, this Court is not bound by an-

doctrine provides that in federal question cases, the court has personal jurisdiction over defendants when there is a statutory provision for nationwide service of process and defendants have sufficient contacts with United States, not the state in which the federal court sits. *Federal Trade Commission v. Jim Walter Corp.*, 651 F.2d 251, 256–57 (5th Cir. Unit A July 1981).

■ Congress has expressly provided bankruptcy courts with federal question jurisdiction over all bankruptcy cases and proceedings. *See* 28 U.S.C. § 1334 (1994). The legislative history of section 1334 teaches that Congress intends that bankruptcy courts exercise *in personam* as well as *in rem* jurisdiction in all bankruptcy cases and proceedings.[2] Further, Bankruptcy Rule of Procedure 7004(d) provides for nationwide service of process. *See* Fed.Bankr.R.P. 7004(d). Under Rule 7004(d), the bankruptcy courts can exercise personal jurisdiction without applying a minimum contacts analysis and remain in constitutional harmony with the Due Process Clause of the Fifth Amendment. *See* 14 Lawrence P. King, Collier on Bankruptcy ¶ 7004.06 (14th ed. 1976).

The Court is unpersuaded by defendants' argument that the "minimum contacts" doctrine required by *International Shoe Co. v. Washington* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) is applicable in the instant case. *International Shoe* involved the state court's exercise of personal jurisdiction over a nonresident defendant, and is thus, not applicable to this federal question case. *Id.* at 313–15, 66 S.Ct. at 157–58.

■ The Court finds *Jim Walter* not only more persuasive, but also binding precedent in this case.[3] In *Jim Walter*, a federal question case, the defendant argued that nationwide service of process under Federal Rule of Civil Procedure 4(e) violates the Fifth Amendment guarantees of Due Process when the entity served has no relationship with relevant federal district in which the court sits. *Jim Walter*, 651 F.2d at 254. The Fifth Circuit rejected the defendant's argument, and ruled that the "minimum contacts" analysis used in *International Shoe* does not apply to a federal question case. *Id.* at 256–57. The court reasoned that the minimum contacts doctrine arose out of the inherent concepts in sovereignty that prevents a state court from exercising jurisdiction over those who have no contacts within the forum state. *Id.* The court further reasoned that the judicial powers of the federal courts are not limited by boundaries of particular district. *Id.* at 256–57. Due Process requires only that a defendant in a federal question suit have minimum contacts with the United States, the sovereign that has created the court. *Id.*

Defendants concede that *Jim Walter* stands for the proposition that a national contacts analysis is appropriate in federal question cases,[4] but argue that *Jim Walter* is of dubious precedential value in light of *Insurance Corp. of Ireland v. Compagnie des Bauxites*, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). Although the Court recognizes how at first blush *Ireland* appears to have impliedly weakened *Jim Walter*, *Ireland* is nevertheless distinguishable from the instance case. *Ireland* is a diversity jurisdiction case, written in the context of the Fourteenth Amendment. *Id.* at 702–03, 102 S.Ct. at 2104–05. The issue presented before the *Ireland* court was whether Federal Rule of Civil Procedure 37(b) may be applied to support a finding of personal jurisdiction over the defendants. *Id.* The Court ruled it could. *Id.* at 706, 102 S.Ct. at 2106. In so

other district court's decision. *Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir.1991).

2. Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, § 216, 92 Stat. 2549 (1978) (codified as amended at 28 U.S.C. § 1334 (1994)) (stating in Senate Report 95–989, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5939 that, "bankruptcy courts will exercise in personam jurisdiction as well as in rem jurisdiction in order that they may handle everything that arises in the bankruptcy case.").

3. Because *Jim Walter* was decided in July 1981, it is binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981).

4. Defendants' Brief In Support of Defendants' Motion to Dismiss, at 3 (arguing that *Jim Walter* created an exception to the requirement that defendants must have minimum contacts with the forum state in those case where a federal statute authorized nationwide service of process on out of state parties).

doing, the Supreme Court briefly discussed, in dicta, the test for maintaining personal jurisdiction over a defendant, stating that personal jurisdiction flows from the Due Process Clause, and its requirements recognizes and protects an individual liberty interest. *Id.* at 702–03, 102 S.Ct. at 2104–05. Personal jurisdiction, therefore, must not offend traditional notions of fair play and substantial justice. *Id.* After combing through each syllable of *Ireland,* this Court finds that *Jim Walter* was neither mentioned, nor expressly or impliedly contradicted in *Ireland.* Thus, *Jim Walter* remains intact after *Ireland.*[5]

Although some lower federal courts have taken the position that *Ireland* has weakened the precedential value of *Jim Walter,*[6] a majority of circuits courts[7] and bankruptcy courts in this circuit[8] have adopted the "national contacts" test in federal question cases

where there is a statutory grant of nation-wide service of process.

In this case, the Court adopts the national contacts analysis as the appropriate standard for determining whether to exercise personal jurisdiction over defendants. The national contacts analysis requires that defendants have national contacts with the United States, not the State of Florida. *Jim Walter,* 651 F.2d at 256–57. Defendants are within the territorial boundaries of the United States, residing in the State of Texas. Therefore, this Court can exercise personal jurisdiction over defendants because they have minimum contacts with the United States.

## CONCLUSION

Defendants' motion to dismiss this adversary proceeding for lack of personal jurisdic-

5. The Fifth Circuit has upheld the rationale of *Jim Walter* in *Busch v. Buchman, Buchman & O'Brien, Law Firm,* 11 F.3d 1255, 1258 (5th Cir.1994), and the Eleventh Circuit have declined to decide the issue of whether the minimum contacts analysis is applicable to federal question case in *In re Chase & Sanborn Corp.,* 835 F.2d 1341, 1344 n. 8 (11th Cir.1988).

6. Defendants point to cases that have weakened *Jim Walter,* and adopted the *Ireland* rationale. *See, e.g., Cannon v. Gardner–Martin Asphalt Corp. Ret. Trust,* 699 F.Supp. 265, 267 (M.D.Fla.1988) (stating that, because "the rationale of the Fifth Circuit's opinion in *Jim Walter* having been refuted by the Supreme Court, *Jim Walter* is of dubious precedential value," and "the cases following the reasoning of [*Ireland* ] comport more with the philosophy of basic fairness behind the exercise of personal jurisdiction...."); *Wichita Federal Savings and Loan Association v. Landmark Group,* 657 F.Supp. 1182, 1194 (D.Kan.1987) (holding that, in a federal question case when a nonresident defendant is served pursuant to nationwide service of process statutes, the Fifth Amendment Due Process minimum contacts analysis is required); *GRM,* 596 F.Supp. at 314 (adopting the rationale of *Ireland* in a Fifth Amendment context); *Bamford v. Hobbs,* 569 F.Supp. 160, 166 (S.D.Tex.1983) (applying minimum contacts factors to determine whether it is fair for the court to exercise jurisdiction over a particular defendant).

7. *See, e.g., Busch v. Buchman, Buchman & O'Brien, Law Firm,* 11 F.3d 1255, 1257–58 (5th Cir.1994) (holding that a court can exercise personal jurisdiction over a defendant in a federal question case if the defendant has minimum contacts with the United States); *United Liberty Life Ins. v. Ryan,* 985 F.2d 1320, 1330 (6th Cir.1993)

(concluding that a federal district court can exercise personal jurisdiction over defendants when the federal statute in question provides for nationwide service of process); *United Elect. Workers v. 163 Pleasant Street Corp.,* 960 F.2d 1080, 1085–86 (1st Cir.1992) (holding that in federal question cases sufficient contacts to justify the assertion of personal jurisdiction exist whenever the defendant is served within the sovereign of the United States); *Diamond Mortgage Corp. of Illinois v. Sugar,* 913 F.2d 1233, 1243–44 (7th Cir.1990) (concluding that Bankruptcy Rule 7004(d) coupled with 28 U.S.C. § 1334 grant bankruptcy courts personal jurisdiction over defendants without violating the Fifth Amendment Due Process Clause); *Go–Video, Inc. v. Akai Elec. Co., Ltd.,* 885 F.2d 1406, 1416 (9th Cir.1989) (ruling that, "when a statute authorizes nationwide service of process, national contacts analysis is appropriate.").

8. *See, e.g., In re Rusco Industries, Inc.,* 104 B.R. 548, 551 (Bankr.S.D.Ga.1989) (adopting the "national contacts" test, and concluding that due process is satisfied because the defendant has sufficient contacts with United States); *In re KO Trucking Co., Inc.,* 99 B.R. 78, 79 (N.D.Ala.1988) (stating that, "Rule 7004 clearly provides nationwide service of process, and thereby allows bankruptcy court *in personam* jurisdiction over any party located in the United States...."); *In re Prospect Hill Resources, Inc.,* 69 B.R. 79, 80 (Bankr.N.D.Ga.1986) (holding that the bankruptcy court has personal jurisdiction over nonresident defendants because the adversary proceeding was a federal question litigation which provided for nationwide service of process); *In re WWG Indus., Inc.,* 44 B.R. 287, 289 n. 1 (N.D.Ga. 1984) (same).

tion is denied. The Court will enter a separate order consistent with these findings of fact and conclusions of law.

### ORDERING DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

This proceeding is before the Court upon defendants' motion to dismiss for lack of personal jurisdiction. The motion is filed pursuant to Federal Rule of Civil Procedure 12(b)(2). Upon findings of fact and conclusions of law separately entered, it is

**ORDERED:**

Defendants' Motion to Dismiss for lack of personal jurisdiction is denied.