**BANKATLANTIC, A Federal Savings Bank, a federally chartered savings bank, Plaintiff,**

**v.**

**COAST TO COAST CONTRACTORS, INC., Brother's Home Remodeling, Satellite Mike, National Air Conditioning Sales, Inc. a/k/a Kitchen Masters, Built Right Remodelers, Inc., Berkut Enterprises, Rich Company, Inc., Contractors Financial Consultants, Inc., Four Sons Home Contracting Inc., Jen–Cri, Inc., Vanguard Roofing and Siding Corp., Citiwide Home Improvement of Queens, Inc., Dura–Built, Inc., Aldo General Contracting, Shore Builders, Maywood Builders, Inc., Shamrock Builders, Inc., Mayflower Home Improvement Corp., Craftmark, Inc., Hallmark Home Design f/k/a Harbor Crest Associates, Ltd., Harris Home Designs, Inc., Belair Construction Corp., Empire State Insulation, Mandy of Quality, Regency Remodeling, Sharpe Home Improvements, Venus Siding and Window, Venus Contracting, Northeastern Holding Company of Florida, Northeastern Holding Co. Inc., Northeastern Holding Company of New Jersey, Sterling Southern Resources, Inc., Sterling Resources, Ltd., Sterling Resources of New Jersey Ltd., Bell Fi-**

nancial Services, Inc., Beyer Brothers Metal & Roofing Supply, Inc., Beyer Brothers of Long Island, Yankee Supply Co. Inc., Yankee Supply East Corp., Insulite Window Manufacturing Brooklyn Building Supply, Inc., Hy Beyer, David Beyer, Barry Beyer, Manny Beyer, Jeffrey Beyer, Bruce Beyer, Charles Mulligan, Eugene Donatutti, Henry York, Phillip Sedgwick, Howard Greenblatt, Joseph Ronzino, Mike Green, Nandor Nagi, Joan Sobel, Perry Blank, Seymour Yarnold, Tom Alison, George Rizzo, Shari Santschi, Stephen Bohlen, George Gardner a/k/a Rick Gardner, Jay Cholost, Gary Feldman, Bernard Perry a/k/a Bob Perry, Gino Ciuffetelli, Ron Scott, Joseph Giarizzo, James Gansky, Leon Martin, Harris Poulikides, William Belair, Howard Gosin, John F. Leanza, Aaron Mandelbaum, Harvey Scheer, Loretta Santucci, George Kaimis, Kenneth Bittle, Wayne Fischer, Carol Plack, B.D.M. Investment Corp. Money Purchase Plan and Trust, National Union Fire Company of Pittsburgh, Pennsylvania, and John Doe(s) 1 through 100, Defendants.

No. 91–2940–Civ–Moreno.

United States District Court,
S.D. Florida.

July 17, 1996.

Vicki L. Monroe, Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Miami, FL, for Plaintiff BankAtlantic.

James F. Crowder, Jr., Kimbrell & Hamann, P.A., Miami, FL, for Plaintiff National Union Fire Insurance Company of Pittsburgh, P.A.

William S. Reese, Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Ford, Miami, FL, for Defendant Bruce Beyer.

Howard Gosin, Syosset, NY, pro se.

Miranda Fritz, New York City, for Defendant Jay Cholost, Vanguard Roofing & Siding Corp., and Empire State Insulation.

James Gansky, Centereach, NY, pro se.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION AND ORDER REQUIRING DEFENDANTS TO FILE AN ANSWER

MORENO, District Judge.

THIS CAUSE came before the Court upon Defendant Bruce Beyer's Motion to Dismiss the Second Amended Complaint (**docket no.** 429); Defendant Howard Gosin's Motion to Dismiss the Second Amended Complaint (**docket no. 668**); Defendant James Gansky's Motion to Dismiss the Second Amended Complaint (**docket no. 677**); and Defendants Jay Cholost, Vanguard and Empire State's Motion to Dismiss the Second Amended Complaint (**docket no. 680**). Magistrate Judge Stephen T. Brown issued a Report and Recommendation on these motions on March 7, 1996, and recommended that the motions to dismiss be granted. A hearing was held on the parties' objections to the Magistrate Judge's Report and Recommendation before the undersigned, United States District Judge Moreno, in Miami, Florida on May 23, 1996.

THE COURT has conducted a *de novo* review of the motions, responses, replies, Report and Recommendation by Magistrate Judge Brown, objections to the Report and Recommendation, responses to the objections, and other pertinent portions of the record. Additionally, the Court has considered the arguments asserted by counsel at the hearing, and being otherwise fully advised in the premises, it is

ADJUDGED that Defendants' Motions to Dismiss for lack of personal jurisdiction are DENIED. Therefore, it is

ADJUDGED that this Court has jurisdiction over these six Defendants.

### LEGAL STANDARD

Where a defendant challenges the exercise of a court's jurisdiction over it, a plaintiff has the burden of establishing a prima facie case of personal jurisdiction over the moving defendants. *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir.1990); *Morris v. SSE Inc.,* 843 F.2d 489, 492 (11th Cir.1988). When ruling on a motion to dismiss, the court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well pleaded facts as true. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *St. Joseph's Hospital, Inc. v. Hospital Corp. of America,* 795 F.2d 948 (11th Cir.1986). A court must resolve any conflicts in favor of establishing personal jurisdiction. *Madara,* 916 F.2d at 1514.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff BankAtlantic is a federally chartered savings bank with its principal place of business in Broward County, Florida. The initial action in this case was instituted by BankAtlantic in 1991. BankAtlantic, filed a Second Amended Complaint on August 18, 1994, asserting claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.* ("RICO"), and adding approximately eighty-two (82) named RICO Defendants to this action. BankAtlantic's RICO allegations attempt to describe an elaborate and complex scheme involving Defendants Supply Companies, Contractors and Sales Finance Companies, in concert with the Homeowners, to defraud BankAtlantic and other federally insured financial institutions by inducing them to buy millions of dollars of questionable home improvement loans through misrepresentations and concealment of material facts.

Plaintiff alleges that these misrepresentations and concealments included, but were not limited to: a) alleged construction of home improvements for homeowners and financing of the home improvements; b) preparation of loan applications with the assistance and consent of the homeowners which misrepresented the actual income of the homeowners, the value of the properties, the homeowner's occupation and the purpose of a loan; c) payments of kick backs and bribes to homeowners in exchange for the execution of false documentation; d) preparation of false financial information to support loan applications, and the issuance of home improvement loans to homeowners knowing that such loan applications and financial information were false and fraudulent; and e) selling of fraudulent home improvement loans and mortgages securing the loans to federally insured institutions for a substantial fee, among other allegations. (*See* Second Amended Complaint, ¶ 2).[1]

The Magistrate Judge held a scheduling conference in the above-entitled matter, and entered an order on June 26, 1995, requiring all defendants who raised the issue of personal jurisdiction in their answer to the complaint to file a motion challenging jurisdiction within thirty days of the order. Defendants Bruce Beyer, James Gansky, Howard Gosin, Jay Cholost, Vanguard and Empire State filed Motions to Dismiss Plaintiff's Second Amended Complaint for lack of personal jurisdiction. The Magistrate Judge issued a Report and Recommendation on the four motions on March 7, 1996. According to the Magistrate Judge's Report and Recommendation, personal jurisdiction under RICO is governed by 18 U.S.C. § 1965(b), which is a nationwide service of process provision. The Magistrate Judge concluded that Plaintiff is required to make an "ends of justice" showing pursuant to § 1965(b) in order to exercise jurisdiction over the Defendants, and recommended that the four motions to dismiss be granted without prejudice.

## LEGAL ANALYSIS

In deciding whether to exercise personal jurisdiction over a particular defendant, a federal court generally should conduct a two-part inquiry. First, the court should determine whether the defendant can properly be served with process under the applicable statutory authority, and then ascertain whether that service comports with constitutional due process requirements. *Sun Bank, N.A. v. E.F. Hutton & Co.*, 926 F.2d 1030, 1033 (11th Cir.1991); *Go–Video, Inc. v. Akai Elec. Co.*, 885 F.2d 1406, 1413 (9th Cir.1989); *Willingway Hospital v. Blue Cross & Blue Shield of Ohio*, 870 F.Supp. 1102, 1104 (S.D.Ga.1994). However, as a preliminary matter, the Court must address the arguments raised by the parties to determine the

---

1. The Court notes that National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union"), initially a defendant in this action, was added as a co-plaintiff to this action on September 28, 1995, when the Court granted National Union's Motion for Leave to File a Crossclaim and for Realignment. National Union and BankAtlantic agreed to limit National Union's liability to $18 million dollars, and final payment was completed in May of 1995. Therefore, National Union alleges that it is subrogated to a majority of the causes of action set forth in BankAtlantic's Second Amended Complaint. Thus, the effect of this Order will also apply to co-plaintiff National Union.

applicable statute under which it will conduct the two-part jurisdictional inquiry.

Defendants [2] move · to dismiss Plaintiff's Second Amended Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Defendants are residents of New York and argue that Plaintiff has failed to assert sufficient allegations establishing a basis to support personal jurisdiction over them in this Court. According to each of the four motions to dismiss, Defendants claim that Plaintiff has failed to allege or refer to any specific conduct on the part of these Defendants associated with the State of Florida. Therefore, Defendants assert that due to the lack of minimum contacts with the State of Florida, the exercise of jurisdiction over them would constitute a violation of the due process requirements of the United States Constitution.

As stated by the Supreme Court in *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), "it is essential in each case that there be some act by which the defendant purposely avails itself of the privileges of conducting activities within the forum state, thus evoking the protections and benefits of its laws." Defendants assert that Plaintiff alleges no acts by Defendants which would satisfy the minimum contacts test in order to enable this Court to exercise jurisdiction over them.

Additionally, Defendants Beyer and Gosin argue that in order for the Court to exercise jurisdiction over these non-resident defendants, not only must there be sufficient minimum contacts with Florida to satisfy due process requirements, but the statutory requirements of Florida's long-arm statute must also be alleged. *Fleming & Weiss, P.C. v. First American Title Ins. Co.*, 580 So.2d 646, 647 (Fla. 3d DCA 1991); *Segal v. Russell*, 553 So.2d 346, 347 (Fla. 4th DCA 1989). According to Defendants Beyer and Gosin, in

order to assert Florida's long-arm jurisdiction over a non-resident defendant, a plaintiff must allege specific facts in the complaint sufficient to fall within the language of the statute, and the failure to allege such specific facts constitutes grounds for granting a defendant's motion to dismiss. *See Gulf Atlantic Transport v. Offshore Tugs, Inc.*, 740 F.Supp. 823 (M.D.Fla.1990). Beyer and Gosin contend that Plaintiff has failed to allege and establish personal jurisdiction over them pursuant to Florida's long-arm statute, Fla. Stat. § 48.193 (1993), in addition to Plaintiff's failure to satisfy due process requirements.

■ Plaintiff responds that personal jurisdiction in this case is not premised on Florida's long-arm statute, but rather on a specific federal statutory provision, 18 U.S.C. § 1965, which authorizes nationwide service of process in Federal RICO cases. Plaintiff asserts that pursuant to Federal Rule of Civil Procedure 4(e), this Court is compelled to use the RICO nationwide service of process provision rather than the Florida long-arm statute, since Congress has included such a provision in the RICO statute.´ *See* Federal Rule of Civil Procedure 4(e). Rule 4(e) provides that if a federal statute provides for service of process, then the Court must use the federal statutory provision rather than a state long-arm statute. *See In re Chase & Sanborn Corp.*, 835 F.2d 1341, 1344 (11th Cir.1988). The Court agrees with Plaintiff and finds that because RICO provides for nationwide service of process in 18 U.S.C. § 1965, it is the statutory basis for personal jurisdiction in this case, not Florida's long-arm statute. The Court must now determine whether Defendants can be served with process under § 1965 of RICO.

### § 1965

■ Section 1965 of the RICO statute is titled "Venue and process", and contains four (4) subsections.[3] Plaintiff argues that per-

---

**2.** Unless otherwise indicated, references to "Defendants" in this Order will include Defendants Beyer, Gosin, Gansky, Cholost, Vanguard and Empire.

**3.** § 1965. Venue and Process
 (a) Any civil action or proceeding under this chapter against any person may be instituted in

the district court of the United States for any district in which such person resides, is found, · has an agent, or transacts his affairs.

 (b) In any action under section 1964 of this . chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other

sonal jurisdiction exists over these defendants pursuant to § 1965(d) of the RICO statute. Plaintiff argues that the Magistrate Judge erroneously applied RICO's venue provision, § 1965(b), in determining whether this Court had personal jurisdiction over the non-resident Defendants, rather than conducting an analysis under § 1965(d). This Court agrees, and Defendants do not dispute now, that § 1965(d) is the appropriate section.

Section 1965(a) of RICO is a basic venue provision, providing that an action may be instituted against a person in the United States district court "for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). Section 1965(b) supplements the basic venue provision set forth in subsection (a), adding that venue is also proper, "... in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court ..." 18 U.S.C. § 1965(b). Thus, § 1965(b) includes a nationwide service of process provision to allow a court to bring in those defendants where venue is improper, if the "ends of justice" so require.

Based on these provisions, it is only in the context of a venue issue that a court must undertake an "ends of justice" analysis. By focusing his analysis on § 1965(b) instead of § 1965(d), the Magistrate Judge understandably, but erroneously, recommended that the Defendants' four separate motions to dismiss be granted and that Plaintiff have leave to refile an amended complaint with the requisite "ends of justice" analysis. However, § 1965(d) is the source of this Court's personal jurisdiction. At the hearing on the objections to the Magistrate's Report and Recommendation, held before this Court on May 23, 1996, Defendants conceded that § 1965(d) is the appropriate section of the RICO statute under which this Court may determine whether personal jurisdiction exists over these Defendants.

The Court notes that there has been some confusion among the courts regarding nationwide service of process and personal jurisdiction in RICO actions; namely, whether to apply subsection § 1965(b) or subsection (d) in order to assess personal jurisdiction in a particular case. Some courts have applied § 1965(b), and have conducted an "ends of justice" analysis in order to determine whether personal jurisdiction exists. See *Butcher's Union v. SDC Investment, Inc.,* 788 F.2d 535 (9th Cir.1986) (in order for nationwide service provision in section 1965(b) to apply, the court must have personal jurisdiction over at least one defendant in a RICO conspiracy and no other district court would have personal jurisdiction over all alleged co-conspirators); *Lisak v. Mercantile Bancorp, Inc.,* 834 F.2d 668, 671–72 (7th Cir.1987); *Hawkins v. The Upjohn Company,* 890 F.Supp. 601, 606 (E.D.Tex. 1994).

However, this Court adopts the analysis and rationale set forth by the district court in *Bridge v. Invest America, Inc.,* 748 F.Supp. 948 (D.R.I.1990). The *Bridge* Court held that 18 U.S.C. § 1965(d) is the general nationwide service of process provision for RICO which authorized personal jurisdiction over the defendants in that case. *Id.* at 952–53. "Analysis of jurisdiction under section 1965(b) is only required when venue in the forum is proper as to at least one defendant, but challenged as improper with regard to another." *Id.* at 949. The Court explained that section 1965(b) has been consistently construed to apply in cases where there is a challenge to venue by at least one defendant, and no other district would have venue of all the defendants named in the RICO claim. *Id.* at 951; *See Abeloff v. Barth,* 119 F.R.D. 315, 329 (D.Mass.1988). In such a case,

district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

 \* \* \* \* \* \*

 (d) All other process in any action or proceeding under this chapter may be served on any person in any judicial district in which such person resides, is found, has an agent, or transacts his affairs.

where venue is proper to at least one defendant, the court can assert venue as to the remaining defendant(s) if justice so requires. *Bridge*, 748 F.Supp. at 953.

The *Bridge* Court concluded that section 1965(b) is a special venue provision which supplements RICO's basic venue provision found in § 1965(a) if the "ends of justice" so require. The *Bridge* Court noted that the nationwide service of process provision contained in section 1965(b) authorizes personal jurisdiction as well as venue. *Bridge*, 748 F.Supp. at 951. However, the Court concluded that "the section 1965(b) service of process provision is only calculated to ensure that a district court will have personal jurisdiction over any defendant brought before it via the authority granted by the special venue provision." *Id.* at 951. Section 1965(b)'s expansion of personal jurisdiction is necessary in light of 1965(b)'s concurrent expansion of venue, ensuring that at least one court will have jurisdiction over all defendants connected with the RICO enterprise. *Id.*[4] Thus, when justice requires, section 1965(b) allows improperly venued defendants to be brought before the court, and allows the court to exercise jurisdiction over such defendants. *Id.* The *Bridge* Court concluded that § 1965(d) authorized personal jurisdiction over the defendants as they did not challenge venue in the forum.

Likewise, Defendants here do not challenge venue in this Court, but move to dismiss based on lack of personal jurisdiction. Pursuant to Federal Rule of Civil Procedure 12(h)(1), the defense of improper venue has been waived as to these Defendants, since it was not raised in their various motions to dismiss.[5] Thus, it is not necessary for the Court to engage in an "ends of justice" determination pursuant to section 1965(b). There-

fore, the Court limits its analysis to a determination of whether personal jurisdiction over these Defendants is proper pursuant to § 1965(d) of the RICO statute. The Court conducts the second prong of its inquiry, and determines whether service under § 1965(d) comports with the constitutional principles of due process.

### § 1965(d) Due Process Analysis

The Fifth Amendment's Due Process Clause constrains a federal court's power to exercise personal jurisdiction via nationwide service of process. The Court must now decide what type of Fifth Amendment due process analysis to employ in determining whether the Court's exercise of personal jurisdiction would be proper. Plaintiff urges this Court to adopt the "majority view" regarding the necessary due process analysis under a federal statute authorizing nationwide service of process, such as § 1965(d), in order for a court to obtain personal jurisdiction. Plaintiff argues that the appropriate jurisdictional analysis under § 1965(d) is the national-contacts approach. According to Plaintiff, when a federal court is attempting to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, due process requires only that the defendant have minimum contacts with the United States. *F.T.C. v. Jim Walter Corp.*, 651 F.2d 251, 256 (5th Cir.1981); *United Liberty Life Ins. Co. v. Ryan*, 985 F.2d 1320, 1330 (6th Cir.1993). Plaintiff maintains that since Congress has expressly provided for nationwide service of process in RICO actions, this Court may exercise personal jurisdiction over these six Defendants since they all have the requisite minimum contacts with the United States to satisfy due process concerns.

---

**4.** The *Bridge* Court expressly refrained from engaging in a section 1965(b) "ends of justice" determination, stating that it would only engage in such an analysis upon an allegation that venue in the forum is improper as to some defendants.

**5.** The Court notes that Defendants Jay Cholost, Vanguard Roofing & Empire State *did* raise the affirmative defense of improper venue in their answer to the Second Amended Complaint (docket no. 280), however, their motion to dismiss is "based on lack of personal jurisdiction

and failure to state a claim on which relief may be granted...." (*See* Cholost, Vanguard and Empire State's Motion to Dismiss, (docket no. 680)). Therefore, the affirmative defense of improper venue has been waived pursuant to Federal Rule of Civil Procedure 12(g), as it was not included as a separate ground for their motion to dismiss. Moreover, as noted previously, Defendants conceded that this Court should apply § 1965(d) and not § 1965(b) in ruling on these Motions to Dismiss.

However, Defendants argue that under a statute providing for nationwide service of process, a defendant must still have minimum contacts in the *forum district itself* in order to properly allow the exercise of personal jurisdiction, rather than merely minimum contacts with the United States. According to Defendants, RICO provides that an individual can be served in any jurisdiction, but a court must still engage in a "minimum contacts" analysis, since service of process and personal jurisdiction are two separate concepts. *See Willingway Hospital v. Blue Cross & Blue Shield*, 870 F.Supp. 1102 (S.D.Ga.1994).

Defendants rely on *In re Chase & Sanborn Corp.*, 835 F.2d 1341 (11th Cir.1988), in which the court analyzed the nationwide service of process provision in Federal Bankruptcy Rule 7004(d). The Eleventh Circuit stated that "[t]he due process clause of the Fifth Amendment constrains a federal court's power to acquire personal jurisdiction via nationwide service of process." *Id.* at 1344. In *Sanborn*, the Court was faced with the issue of whether it could exercise personal jurisdiction over an alien defendant under a statute authorizing nationwide service of process. According to the *Sanborn* Court, due process required that an alien defendant not present within the forum must have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Id.* at 1345, n. 8.

According to Defendants, factors which courts must consider in determining and assessing personal jurisdiction under the Due Process Clause include: 1) the burden imposed upon defendant by having to litigate in the forum state; 2) defendant's reasonable expectations and the foreseeability of litigation in the forum state; 3) plaintiff's interest in convenient and effective relief; 4) the federal judicial system's interest in efficiently resolving the controversy; and 5) the forum state's interest in having a court within the forum adjudicate the dispute. *Cannon v. Gardner–Martin Asphalt Corporation Retirement Trust–Profit Sharing Plan*, 699 F.Supp. 265, 268 (M.D.Fla.1988); *Wichita Federal Savings and Loan Assoc. v. Land-*

*mark Group, Inc.*, 657 F.Supp. 1182, 1194 (D.Kan.1987).

Additionally, Defendants Cholost, Vanguard & Empire State cite to the more "relaxed" application of the minimum contacts analysis set forth in *Duckworth v. Medical Electro–Therapeutics, Inc.*, 768 F.Supp. 822 (S.D.Ga.1991), and adopted and modified in *Willingway Hospital*, 870 F.Supp. 1102. The *Duckworth* Court set forth a two-pronged test to apply in federal question cases involving nationwide service of process in order to establish whether personal jurisdiction exists over a particular defendant. According to the *Duckworth* test, a court must first determine whether the defendant "purposefully availed" itself of the protections of federal law. *Duckworth*, 768 F.Supp. at 830. In order to survive the first prong, a plaintiff need only demonstrate that the defendant has sufficient contacts with the United States. *Id.* Secondly, the defendant is required to establish a compelling case to show the court that exercising jurisdiction over it would offend "notions of fair play and substantial justice." *Id.* at 830. Under the second prong of this test, a court may consider such factors as: the defendant's contacts with the forum, inconvenience to the defendant, judicial economy, probable situs of discovery, and the nature of the regulated activity. *Id.* (citing *Oxford First Corp. v. PNC Liquidating Corp.*, 372 F.Supp. 191, 201 (E.D.Pa.1974)). Defendants also cite to *Willingway Hospital*, in which the court concluded that the two-pronged analysis of *Duckworth* is the least that is required under the Fifth Amendment. *Willingway Hospital*, 870 F.Supp. at 1109. Defendants assert that an application of the *Duckworth* test to the case at bar would lead this Court to conclude that it lacks jurisdiction over these Defendants.

Defendants maintain that they are a group of small businesses in New York engaging in purely local conduct. Subsequently, Defendants allege that certain other defendants engaged in transactions with Plaintiff. According to Defendants, considering the factors set forth in *Cannon* and in *Duckworth*, in addition to the considerations of fundamental notions of fairness, establishes that

this Court lacks jurisdiction over these Defendants. Moreover, they assert that it would offend due process if these Defendants, who had no involvement in the Florida transactions and little or no contact with the State of Florida, had to defend themselves in this Court.

The Court acknowledges the lack of consensus among the courts regarding the necessary due process analysis in assessing personal jurisdiction where the defendant is a United States citizen or national served via nationwide service of process.[6] The cases establish three different views taken by federal courts when faced with such a statute authorizing nationwide service. As Defendants argue, some federal courts find it necessary to conduct a Fifth Amendment "due process" analysis, such as the one set forth in *Cannon*, in order to determine whether minimum contacts exist with the state in which the federal court sits. *See Willingway Hospital*, 870 F.Supp. at 1102; *Cannon*, 699 F.Supp. at 265; *Wichita Federal Savings & Loan Ass'n*, 657 F.Supp. at 1194–95; *Bamford v. Hobbs*, 569 F.Supp. 160, 166 (S.D.Tex. 1983).

According to other federal courts, as pointed out by Plaintiff, a defendant's mere presence within the United States establishes "minimum contacts" and satisfies any due process concerns that may exist where nationwide service of process is authorized. *See United Liberty Life Ins. Co.*, 985 F.2d at 1330; *Go–Video, Inc. v. Akai Elec. Co., Ltd.*, 885 F.2d 1406, 1414–16 (9th Cir.1989); *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1315 (9th Cir.1985), *rev'd on other grounds*, 503 U.S. 258, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992); *F.T.C. v. Jim Walter Corp.*, 651 F.2d 251, 256 (5th Cir.1981); *Mariash v. Morrill*, 496 F.2d 1138, 1142–43 (2d Cir.1974); *Clement v. Pehar*, 575 F.Supp. 436, 438–39 (N.D.Ga.1983). Additionally, still other courts hold that where Congress has provided for nationwide service of process, a due process "minimum contacts" analysis is unnecessary if service is properly performed outside the forum but within the United

States. *See Haile v. Henderson National Bank*, 657 F.2d 816, 824–26 (6th Cir.1981), *cert. denied*, 455 U.S. 949, 102 S.Ct. 1450, 71 L.Ed.2d 663 (1982); *Pioneer Properties, Inc. v. Martin*, 557 F.Supp. 1354, 1358 (D.Kan. 1983); *In re Prospect Hill Resources, Inc.*, 69 B.R. 79, 80 (Bankr.N.D.Ga.1986).

Under the national-contacts approach taken by Plaintiff, a defendant is only required to have minimum contacts with the United States in order to satisfy due process concerns and enable a court to exercise personal jurisdiction over such defendant. This approach was articulated by the Court in *F.T.C. v. Jim Walter Corp.*, 651 F.2d 251. According to the Fifth Circuit:

> [s]ubject *only* to the regulation of Congress, each federal court exercises the 'judicial Power of the United States,' not a judicial power constitutionally limited by the boundaries of a particular district ... Because the district court's jurisdiction is ... co-extensive with the boundaries of the United States, due process [in federal question cases where Congress has authorized nationwide service of process] requires only that a defendant in a federal suit have minimum contacts with the United States, 'the sovereign that has created the court.'

*Id.* at 256 (citing *Stafford v. Briggs*, 444 U.S. 527, 554, 100 S.Ct. 774, 789–90, 63 L.Ed.2d 1 (1980) (Stewart, J., dissenting)). A defendant who is a resident of the United States necessarily has sufficient contacts with the United States to satisfy the requirements of due process. *Id.*

The *Jim Walter* holding has generally been followed by a majority of federal courts analyzing the due process requirements for personal jurisdiction in federal cases where Congress has provided for nationwide service of process. *See Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1258 (5th Cir.1994); *United Liberty Life Ins. Co.*, 985 F.2d at 1330; *United Electrical, Radio & Machine Workers of America v. 163*

---

**6.** The Eleventh Circuit has yet to determine the due process requirements for obtaining personal jurisdiction under a federal statute providing for nationwide service of process, such as 18 U.S.C. § 1965(d). The Court noted the lack of agreement among the courts, but expressly declined to decide the issue. *In re Chase & Sanborn Corp.*, 835 F.2d 1341, 1344 n. 8 (11th Cir.1988).

*Pleasant Street Corp.,* 960 F.2d 1080, 1085 (1st Cir.1992); *Go–Video, Inc.,* 885 F.2d 1406; *Lisak v. Mercantile Bancorp, Inc.,* 834 F.2d at 671–72 (7th Cir.1987), *cert. denied,* 485 U.S. 1007, 108 S.Ct. 1472, 99 L.Ed.2d 700 (1988); *Vigman,* 764 F.2d at 1315–16 (9th Cir.1985); *Haile,* 657 F.2d at 824–26 (6th Cir.1981).

Additionally, many federal courts have followed this national-contacts approach as it relates to personal jurisdiction under § 1965 of the RICO statute. *See Monarch Normandy Square Partners v. Normandy Square Associates Ltd. Partnership,* 817 F.Supp. 896, 898 (D.Kan.1993) (under RICO's § 1965(d) nationwide service of process provision, plaintiffs only had to show that defendants had sufficient minimum contacts with the United States); *Dooley v. United Technologies Corp.,* 786 F.Supp. 65, 70–71 (D.D.C. 1992) (pursuant to RICO's nationwide service of process provision, court had personal jurisdiction over each defendant in RICO action as they all resided in the United States); *University Sav. Ass'n v. Bank of New Haven,* 765 F.Supp. 35, 37 (D.Conn.1991) (federal district court hearing RICO action enjoys jurisdiction coextensive with boundaries of United States, with due process requiring only that defendant have minimum contacts with United States); *Omni Video Games, Inc. v. Wing Co., Ltd.,* 754 F.Supp. 261, 263 (D.R.I.1991) (RICO's nationwide service of process provision permitted district court to exercise personal jurisdiction over defendants who had minimum contacts with the United States, although no contacts with forum state); *American Trade Partners, L.P. v. A–1 Intern. Importing Enterprises, Ltd.,* 755 F.Supp. 1292, 1302 (E.D.Pa.1990); *Rolls–Royce Motors, Inc. v. Charles Schmitt & Co.,* 657 F.Supp. 1040, 1055 (S.D.N.Y.1987).

However, a minority of courts have found that the national-contacts test of *Jim Walter* is no longer controlling in light of the Supreme Court's decision in *Insurance Corp. of Ireland v. Compagnie des Bauxites de Gui-*nee, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982), and that due process requires some form of minimum contacts with the forum state. These courts have focused on the language in *Ireland v. Bauxites* stating that, "[t]he requirement that a court have personal jurisdiction flows ... from the Due Process Clause. The personal jurisdiction requirement recognizes and protects an individual liberty interest. It represents a restriction on judicial power *not as a matter of sovereignty, but as a matter of individual liberty.*" *Bauxites,* 456 U.S. at 702, 102 S.Ct. at 2104 (emphasis added). Relying on *Ireland v. Bauxites,* such courts have held that personal jurisdiction questions require a full blown "minimum contacts" due process analysis. *See Wichita Federal Savings & Loan Ass'n,* 657 F.Supp. 1182; *See also Willingway Hospital, Inc.,* 870 F.Supp. 1102; *Duckworth,* 768 F.Supp. 822; *Cannon,* 699 F.Supp. 265.

The Court here finds that *Ireland v. Bauxites* is distinguishable from the case at bar, and does not apply where a federal statute provides for nationwide service of process. *Ireland v. Bauxites* was a diversity case involving the Pennsylvania long-arm statute. In diversity cases, a court has the constitutional power to exercise personal jurisdiction over a defendant if "the defendant purposefully established 'minimum contacts' in the forum 'such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Complete Concepts, Ltd. v. General Handbag Corp.,* 880 F.2d 382, 388 (11th Cir.1989) (quoting *International Shoe Co. v. State of Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)). The Supreme Court was never presented with the issue of what Fifth Amendment due process analysis is necessary in cases where a federal statute provides for nationwide service of process.[7] However, as this is a federal question case in which the Court is attempting to exercise jurisdiction over these defendants pursuant to a federal

---

7. As noted by the Ninth Circuit in *Go–Video Inc.,* 885 F.2d at 1414, n. 8, on two prior occasions, the Supreme Court has explicitly declined to decide the constitutionality of national contacts analysis where no provision of the statute authorized nationwide service. *Omni Capital Interna-*tional v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987); *Asahi Metal Industry v. Superior Court,* 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) (plurality opinion).

statute authorizing nationwide service, the forum in which the defendants have availed themselves is the United States. Thus, the "fairness" inquiry is whether these defendants have minimum contacts with the United States to support the fairness of the exercise of jurisdiction over the defendants by a United States Court.

Moreover, several federal courts facing this issue have noted that the *Ireland v. Bauxites* decision is inapplicable in determining personal jurisdiction in federal question cases involving nationwide service of process. *See Go–Video, Inc.*, 885 F.2d at 1415–16 (*Ireland v. Bauxites* is irrelevant to national contacts issues where statute provides nationwide service of process); *Steinberg & Lyman v. Takacs*, 690 F.Supp. 263, 265–66 (S.D.N.Y.1988) (rejecting argument that *Ireland v. Bauxites* has worked a fundamental change in the law of personal jurisdiction); *First Federal Savings & Loan Assoc. of Pittsburgh v. Oppenheim, Appel, Dixon & Co.*, 634 F.Supp. 1341, 1347 (S.D.N.Y.1986) ("the legal landscape of personal jurisdiction/due process analysis does not appear to have been fundamentally affected by *Bauxites* "). These decisions manifest that the national-contacts analysis finds its basis in the language of the statute under which Congress has authorized nationwide service of process. *See Go–Video, Inc.*, 885 F.2d at 1416.

Furthermore, the Fifth Circuit has recently reaffirmed the national contacts approach set forth in *Jim Walter*, noting that although the Supreme Court rejected the sovereignty analysis set out in that opinion, the holding in *Jim Walter* is equally justified under the due process rationale of *Ireland v. Bauxites. Busch*, 11 F.3d at 1258. The Fifth Circuit explained, "[f]rom *Bauxites*, we know that [the personal] jurisdictional limitation flows not from notions of sovereignty, but from the Due Process Clause.... Sovereignty, however, may remain germane because it defines the scope of the due process analysis." *Id.* at 1257–58. The *Busch* Court concluded that the due process concerns of the Fifth Amendment were satisfied where the relevant sovereign is the United States, as it did "not offend traditional notions of fair play and substantial justice to exercise personal

jurisdiction over a defendant residing within the United States". *Id.* at 1258. Therefore, as the *Busch* Court specifically reaffirmed the holding of *Jim Walter* under the due process analysis of *Ireland v. Bauxites,* the *Jim Walter* national-contacts analysis remains binding on this Court.

For the reasons stated above, this Court adopts the national-contacts approach as set forth by the Fifth Circuit in *Jim Walter Corp.*, 651 F.2d at 256. The Court finds that pursuant to the nationwide service of process provision of 18 U.S.C. § 1965(d), these Defendants, who are residents of the United States, have sufficient minimum contacts with the United States to satisfy the Fifth Amendment's due process requirements. Defendants have purposefully availed themselves of the protections of federal law, thus, it does not offend traditional notions of fair play and substantial justice for this Court to exercise personal jurisdiction over the objecting Defendants.

### *CONCLUSION*

It is therefore,

ADJUDGED that the Court REJECTS the Magistrate Judge's Report and Recommendation issued on March 7, 1996, with respect to Defendants' Motions to Dismiss. Accordingly, Defendants Gosin, Beyer, Gansky, Cholost, Vanguard and Empire State's Motions to Dismiss for lack of personal jurisdiction are DENIED. Further, it is

ADJUDGED that this Court may exercise jurisdiction over these six Defendants. Accordingly, it is

ADJUDGED that Defendant Beyer must file an answer to Plaintiff's Second Amended Complaint no later than *August 5, 1996,* if he has not done so already. The Court notes that Defendants Gosin, Gansky and Cholost, Vanguard and Empire State have previously filed answers to Plaintiff's Second Amended Complaint.

DONE AND ORDERED in Chambers at Miami, Florida, this 16 day of July, 1996.